**Lary R. KUPOR, M.D. D/B/A St. Joseph Dialysis Center, Relator,**

v.

**Honorable Peter S. SOLITO, Respondent.**

**No. A14–84–750CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1985.

Rehearing Denied March 14, 1985.

Don Karotkin, Funderburk & Funderburk, Houston, for relator.

Marty F. Akins, Akins & Pettiette, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an original writ of mandamus proceeding. It was instituted by Lary R. Kupor, M.D., Relator, against the Honorable Peter S. Solito, Respondent and Acting Judge of the 165th District Court of Harris County, to compel the Respondent to set aside his order requiring Relator to answer certain questions submitted during pre-trial oral deposition. We agree with Respondent that the answers are discoverable and not privileged, and therefore deny Relator's writ.

This case involves a wrongful death suit brought by the estate of Ruby Lillian Durham and her daughters (plaintiffs below) against Relator (defendant below). Durham was a patient at Relator's dialysis center. On January 6, 1984, as she was receiving her dialysis treatment, the intravenous needle which returned the filtered blood to her body came out of her arm. She was unattended for a period of twenty-five minutes. The dialysis machine continued to pump her blood onto the floor and walls. She was found dead when her attendants returned. The plaintiffs below sued Relator and his attendants alleging negligence. During pre-trial discovery proceedings the plaintiffs took Relator's oral deposition and attempted to discover certain information communicated to Relator by the attendants the day after Durham died. These questions concerned how much blood was on the walls and floor, what kind of medical condition Durham was in when discovered by the attendants,

what the attendants did for Durham, and whether or not Durham was dead when the attendants first returned to the treatment room. Relator refused to answer these questions claiming the answers are privileged. Plaintiffs certified the questions. On October 22, 1984, Respondent granted plaintiffs' motion requiring Relator to answer the questions.

■ This court may issue a writ of mandamus to correct a clear abuse of discretion by a trial judge in a discovery proceeding. *West v. Solito,* 563 S.W.2d 240 (Tex.1978); *Barker v. Dunham,* 551 S.W.2d 41 (Tex. 1977).

■ Relator first contends Respondent abused his discretion in ordering Relator to answer the questions because the answers were sought for the purpose of impeachment. Relator relies on *Russell v. Young,* 452 S.W.2d 434 (Tex.1970) and *W.W. Rodgers & Sons Produce Co. v. Johnson,* 673 S.W.2d 291 (Tex.App.—Dallas 1984, no writ), for his contention that this purpose renders the information nondiscoverable. Relator directs attention to a statement made by plaintiffs during the deposition in which they admitted they might use the answers for impeachment purposes. The cases cited are distinguishable in that both cases show the information sought was *solely* for impeachment purposes. There has been no such admission in Relator's case; to the contrary, the record indicates the plaintiffs sought this information for other purposes *in addition* to use for impeachment. Thus Relator can not claim the answers are non-discoverable because he has failed to prove the information was sought solely for impeachment.

Relator also asserts Respondent abused his discretion in ordering him to answer because the answers are privileged under Tex.R.Civ.P. 166b(3)(d). This rule makes non-discoverable:

> any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation or the investigation of the occurrence or transaction out of which the claim has arisen.

Relator contends a literal reading of this rule precludes discovery of the information communicated to him by the dialysis center attendants the day after Durham's death because he was engaging in "the investigation of the occurrence or transaction out of which the claim has arisen." Respondent challenges his assertion of privilege on grounds that Relator's deposition testimony reveals he did not fill out an incident form because he did not consider this an incident of the type usually documented by this form. Therefore, Respondent contends, Relator could not have been in the process of investigating a "non-incident."

While we understand Relator's reliance on a literal reading of the rule, the courts have not interpreted the privilege rule in the manner urged by Relator.

■ Rule 166b, which became effective April 1, 1984, was enacted for the purpose of combining all discovery concepts into one rule. It incorporates provisions previously located in Rules 167, 186a and 186b. These former rules have been interpreted as allowing the privilege against discovery to be invoked only where the communication sought to be protected was prepared in connection with the prosecution or defense of the lawsuit in which the discovery is sought. *Allen v. Humphreys,* 559 S.W.2d 798, 803 (Tex.1977). *See also Valentino v. City of Houston,* 674 S.W.2d 813 (Tex.App. —Houston [1st Dist.] 1984, writ ref'd n.r. e.). By Relator's own admission the communications with his attendants were not made in connection with the prosecution or defense of a lawsuit since at the time they were made there was no pending claim nor lawsuit. We also note a recent decision in which the Austin Court of Appeals held that under Rule 166b the privilege can not be upheld absent proof that the communi-

cation was made in connection with the possible legal defense of a claim. *Harris Data Communications, Inc. v. Dellana,* 680 S.W.2d 641 (Tex.App.—Austin 1984, writ requested).

The information sought by the plaintiffs was not privileged. Whether or not it will be admissible, the information sought is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. Tex.R.Civ.P. 166b. Here the plaintiffs were entitled to seek information as needed to establish certain key facts in the lawsuit.

We find no clear abuse of discretion in the issuance of Respondent's order requiring Relator to answer the questions submitted in deposition. The writ of mandamus is denied.