**Annie Pearl TERRY, et al., Relators,**

**v.**

**The Honorable R.W. LAWRENCE, Judge, et al., Respondents.**

**No. C–4237.**

Supreme Court of Texas.

Nov. 13, 1985.

Rehearing Denied Jan. 8, 1986.

Loftis and Roberts, Randell C. Roberts and Bruce L. Roberts, Tyler, for relators.

Zeleskey, Cornelius, Rogers, Hallmark and Hicks, Henry H. Rogers, Lufkin, for respondents.

OPINION

HILL, Chief Justice.

Relators, Annie Terry, Sammy Terry, and Felicia McCuin, request this court to issue a writ of mandamus directing the district court to vacate its order denying their request for production of certain photographs and to order the defendants in the underlying cause to produce the photographs. The court of appeals denied a similar request. 692 S.W.2d 559. We conditionally grant the requested relief.

In December of 1983, the relators' car was involved in a collision with a truck owned by Temple-Eastex, Inc. After the collision, the liability insurance carrier for Temple-Eastex employed an investigator to

take photographs of the scene of the accident and the vehicles involved. Relators sued Temple-Eastex and the truck driver to recover damages for injuries Mrs. Terry and Ms. McCuin received in the accident. During the course of pre-trial discovery, relators requested production of all photographs of the scene of the accident and of the vehicles involved in the collision. Temple-Eastex objected to the request, asserting that the photographs taken by their insurance carrier's investigator were exempt from discovery under the investigative privilege set forth in Tex.R.Civ.P. 166b(3)(d). The parties have agreed that the photographs in question are not included in any expert's report.

The trial court sustained Temple-Eastex's objection to relators' request for production of the photographs on the grounds that the photographs constituted "communications" protected from discovery by Rule 166b(3)(d). The court of appeals granted relators' motion for leave to file a petition for writ of mandamus and heard oral arguments. On May 23, 1985, the court of appeals denied relators' petition for writ of mandamus, holding that the recent amendments to the scope of discovery provisions in the Texas Rules of Civil Procedure altered the previously recognized rule permitting discovery of such photographs. We disagree.

In *Houdaille Industries, Inc. v. Cunningham,* 502 S.W.2d 544 (Tex.1973), we interpreted a proviso in former Rule 167 which protected from discovery "written communications passing between agents or representatives or the employees of either party to the suit or other communications between any party and his agents, representatives, or their employees. . . ." We held in *Houdaille* that photographs were not within the terms of the Rule 167 proviso; hence, they were not entitled to protection from discovery. 502 S.W.2d at 549. We reiterated that holding in *Allen v. Humphreys,* 559 S.W.2d 798, 802 (Tex. 1977).

Effective April of 1984, this court amended the Texas Rules of Civil Procedure. Rule 166b, as promulgated, provides in relevant part:

3. Exemptions. The following matters are not discoverable:

\*    \*    \*    \*    \*    \*

    d. with the exception of discoverable communications prepared by or for experts, *any communication* passing between agents or representatives or the employees of any party to the action or communications between any party or his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen. . . . (emphasis added).

Temple-Eastex contends the deletion of the word "written" in Rule 166b(3)(d) broadened the discovery exemption so that communications presently protected from discovery by Rule 166b(3)(d) now includes photographs. We disagree.

Temple-Eastex has misinterpreted the reason for the absence of the word "written" from Rule 166b(3)(d). The primary impetus for promulgating Rule 166b was this court's desire to combine all scope of discovery concepts into one rule. This undertaking required the rule drafters to integrate the privileges previously available with regard to the discovery of tangible items, found in former Rule 167, with the privileges pertaining to oral depositions available under former Rule 186a. Consequently, Rule 166b does not include the adjective "written" because the rule was drafted to apply to all forms of discovery, not just the discovery of tangible items. In adopting Rule 166b, this court did not intend to overrule the holding in *Houdaille Industries* which was reaffirmed in *Allen.* We therefore hold that the trial court

abused its discretion in denying relators' request for production of the photographs.

We anticipate that in view of our holding Judge Lawrence will vacate his order denying discovery of the photographs in question and will render an order consistent with this opinion. Should he fail to do so, the Clerk of the Supreme Court shall be instructed to issue the writ of mandamus.