Alton Wayne TUCKER, Relator,

v.

The Honorable J. Ray GAYLE, III, Judge, 239th Judicial District Court, Brazoria County, Respondent.

No. A14–85–709–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 27, 1986.

Rehearing Denied March 27, 1986.

Gary L. McConnell, Angleton, for relator.

Otway B. Denny, Jr., Houston, for respondent.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## ORIGINAL PROCEEDING

## WRIT OF MANDAMUS

SEARS, Justice.

Relator Alton Wayne Tucker was injured on the property of Dow Chemical Corporation on August 25, 1982, and subsequently filed suit for damages resulting from injuries sustained in the accident. This original proceeding involves an interpretation of TEX.R.CIV.P. 166b(3)(d). We hold the rule does not prohibit discovery of the documents or communications which were prepared or made prior to the filing of a lawsuit.

In conducting discovery, Relator requested all reports or evaluations made by Dow as a result of the accident. Dow objected to the request. Relator then limited his request to reports or evaluations made *after* the accident but *prior* to filing suit. Dow refused to comply. Relator filed a Motion to Compel Production which was denied by Respondent, Judge J. Ray Gayle, III. Relator seeks a Writ of Mandamus compelling Respondent to vacate the order denying production and issue an order requiring production of the requested reports or evaluations. We conditionally grant the writ.

Relator presents two arguments. In the first, he claims Respondent abused his discretion in denying discovery of the requested reports because Dow did not show the reports were prepared in connection with or anticipation of a claim or lawsuit.

TEX.R.CIV.P. 166b(3)(d) makes nondiscoverable:

any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the *investigation of the occurrence or transaction out of which the claim has arisen* (emphasis added).

It is the emphasized portion, Relator claims, on which Respondent relied in denying his motion. The rule succeeded former TEX.R.CIV.P. 167, which included the phrase "or the circumstances out of which same has arisen" instead of the emphasized part now in controversy. Construction of the phrase has led to differing interpretations by appellate courts in Texas.

■ The primary impetus for the supreme court's promulgation of Rule 166b(3)(d) was to combine all *scope* of discovery concepts into one rule. *Terry v. Lawrence,* 700 S.W.2d 912, 913 (Tex.1985). The purpose of discovery proceedings is to allow parties to obtain the fullest knowledge of issues and facts prior to trial, thereby furthering the administration of justice. *West v. Solito,* 563 S.W.2d 240, 243 (Tex.1978). "The ultimate purpose of discovery is to seek truth, so that litigation may be decided by what the facts reveal, not by what facts are concealed." *Reynolds v. Dickens,* 685 S.W.2d 479, 485 (Tex. App.—Fort Worth 1985, no writ); *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984).

■ The trial court has great latitude to order or deny discovery, and its action cannot be set aside unless there is a clear showing of abuse of discretion. *Martinez v. Rutledge,* 592 S.W.2d 398, 399 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e). Mandamus is an appropriate remedy for such an abuse of discretion. *Jampole,* 673 S.W.2d at 576; *West,* 563 S.W.2d at 244. This court has jurisdiction to issue a writ of mandamus pursuant to TEX.GOV'T CODE ANN. § 22.221 (Vernon Pamph.1986).

■ Rule 166b incorporates former Rule 167, which the Texas Supreme Court interpreted to mean that the privilege against discovery can be invoked only where the document sought to be protected was prepared in connection with the prosecution or defense of the lawsuit in which the discovery is sought. *Allen v. Humphreys,* 559 S.W.2d 798, 803 (Tex.1977). The *Allen* court observed that the results of a test or survey done after the institution of a suit, or after parties had good cause to believe such a suit would be filed, would be privileged if the defendant could show the survey or test was made "in connection with the prosecution, investigation or defense of such claim or the circumstances out of which same has arisen." *Id.* If there were no pending claim or lawsuit at the time the communications were made, the privilege under Rule 166b(3)(d) could not be invoked. *Kupor v. Solito,* 687 S.W.2d 441, 443 (Tex. App.—Houston [14th Dist.] 1985, no writ); *Harris Data Communications, Inc. v. Dellana,* 680 S.W.2d 641, 642 (Tex.App.— Austin 1984, no writ). Further, the party asserting a privilege from discovery has the burden to produce evidence concerning the applicability of the privilege. *Peeples v. Fourth Supreme Judicial District,* 701 S.W.2d 635, 637 (Tex.1985); *Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985).

■ The situation presented in *Kupor v. Solito* is analogous to the one before us. There, plaintiffs brought a wrongful death suit following their mother's death during dialysis. The morning following the death the defendant/doctor talked with the attendants on duty in regard to the incident. Plaintiff sought, through proper pre-trial discovery, to determine relevant and material facts known only to the attendants and related to the doctor. This court held the communications were not privileged because no lawsuit or claim was pending at the time they were made. Plaintiffs are entitled to seek the information necessary to establish certain key facts in the suit. *Kupor,* 687 S.W.2d at 444. When relevant and material facts, documents or communications are peculiarly within the knowl-

edge, control or custody of the defendant, his agents or representatives, the right to discovery becomes more important and necessary to our judicial system. Without the reports he seeks in the present case, Relator claims he will lack serious proof of causation of the accident.

Respondent argues the trial court was correct and cites *Turbodyne v. Heard,* 698 S.W.2d 703, 704 (Tex.App.—Houston [14th Dist.] 1985, no writ) wherein a panel of this court denied discovery pursuant to Rule 166b(3)(d) and further held the rule should be read *literally.* The *Turbodyne* opinion was based on the belief that the new rule created a special exception that overruled *Allen v. Humphreys.*

However, the supreme court has recently stated, "in adopting Rule 166b, this court did not intend to overrule the holding in *Houdaille Industries [Inc. v. Cunningham,* 502 S.W.2d 544 (Tex.1973)]* which was reaffirmed in *Allen.*" *Terry v. Lawrence,* 700 S.W.2d at 913. While *Terry* and *Houdaille* deal with photographs and discuss whether the rule covers all communications or only written communications, we believe the *Allen* opinion is still followed by the supreme court to allow discovery of documents or communications that were not uttered or prepared in connection with the prosecution or defense of a lawsuit. We believe the supreme court is applying a *liberal* interpretation of the Rule in keeping with its policy of expanding rather than restricting discovery. The supreme court has steadfastly upheld sanctions imposed by trial courts in an effort to prevent discovery abuse and to broaden the discovery process. *Downer v. Aquamarine,* 701 S.W.2d 238, 242 (Tex.1985).

This appeal is typical of many industrial accidents where the defendant owns the property whereon the injury occurred. The property is surrounded by a fence and the gates are controlled by armed guards. Access to the site of the accident is not readily available to an injured party, his attorney or investigators. When vehicles, machinery or equipment are involved in an accident, they are also behind locked gates and available only to agents and investigators of the defendant. Unless a plaintiff can, through pre-trial discovery, obtain that information uncovered by the defendant's investigation of the scene, persons and/or equipment, made when personal recollections and physical inspections are not tarnished by time, then justice will be thwarted. Courts and juries will be denied knowledge of facts material and relevant to a clear understanding of events and evidence as they existed at the time a cause of action arose. We do not believe that is the intent of the Rule.

Dow contends the documents requested by Relator were prepared in anticipation of a lawsuit. Relator claims Dow is not entitled to protection under the Rule because they have not made this contention clear to the trial court. Part of the discovery requested is the initial accident investigation report prepared by Dow personnel. This is a report which is routinely prepared in the normal course and scope of plant operations. Its purpose is to discover the cause of any accident in order to prevent future accidents. Relator did not file a lawsuit until almost two years after the accident, yet Dow claims everything it did subsequent to the accident was done in anticipation of the lawsuit. We find that a *literal* reading of Rule 166b(3)(d) would allow any defendant to claim anything he did, said or discovered, subsequent to the occurrence upon which the suit is based, was done, said or discovered in anticipation of a lawsuit and not subject to discovery. The potential and probability of abuse is obvious.

Based on the reasoning in Relator's first argument, we conditionally grant the writ. Thus, it is unnecessary for us to address the contentions he raises in the second point. We hold that the trial court's refusal to grant Relator's Motion to Compel Production of the documents requested was clearly an abuse of its discretion. We are confident that Judge Gayle will abide by our decision. A writ of mandamus will issue only if he fails to do so.