**Harvey L. DIXON, Relator,**

v.

**Honorable Gary SANDERSON,
Respondent.**

No. 09 86 253 CV.

Court of Appeals of Texas,
Beaumont.

April 2, 1987.

Gordon R. Cooper, II, Cooper & Cooper, Houston, for relator.

Floyd A. Landrey, Beaumont, for respondent.

## OPINION

PER CURIAM.

Writ of Mandamus proceeding.

The Relator complains of the judge of the 60th District Court. The background of his complaint, he alleges, is that he has been an Assistant Principal at the Hardin-Jefferson High School for 10 years, having recently experienced a violation of his civil rights. Relator is a black American male. He instituted a suit against the School District and Ron Miller, its Superintendent.

The Relator avers that, in May of 1985, he made an application to be the Principal of the high school. On June 24, 1985, Gene Isabell, a white male, was selected over him for that position. Dixon alleges that Isabell was less qualified and that the selection of Isabell was based on racial considerations.

Relator also pleads that, on 4 different occasions, the Relator applied to the School Board for the position of Principal and, on each of these occasions, less qualified whites were selected. Relator argues that on each of these 4 occasions certain acts were done intentionally and purposefully to discriminate against Relator because he is a member of a racial minority.

During discovery, Relator moved the District Court for an order to compel the School District and Miller to produce and make available to him, for inspection and copying, all the files on Gene Isabell, Gil [also spelled "Gill"] Rector, Ron Miller and James Burke, all being members of the majority, who, Dixon avers, were selected in preference to him on the 4 occasions. Relator alleges each was less qualified.

In September of 1986, the Respondent Trial Judge specifically found that the files and records sought were neither relevant nor material to the issues involved in the litigation nor were they calculated to lead to the discovery of admissible evidence. Relator's motion was denied. The Trial

Judge did not examine the files sought; they were not produced even for an in camera examination.

Without the relief of mandamus, Relator says that the District Court's denial of his discovery motion is reviewable on appeal only after the conclusion of the trial. Relator avers that, unless this appellate court intervenes by issuing a writ of mandamus, the Relator will be oppressively prejudiced in the preparation of his case for trial. This, he says, will result in hardship and injustice to him.

Relator vigorously argues that his cause of action falls into a classification of civil rights cases commonly designated as "pattern or practice" cases. Relator acknowledges that he has a burden to prove more than the mere occurrence of isolated, accidental or sporadic acts, citing *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). A major thrust of Relator's argument is that, on the 4 different occasions, when he applied for the position of Principal and was passed over in favor of less qualified members of the majority, a "pattern or practice" of discrimination was created by the School District. Hence, he argues that the files maintained and in possession of the School District, on the white male educators in question, are logically and necessarily relevant and material to Relator's cause of action.

Another basic thrust of Relator's averments is that, in an alleged racial discrimination case, one necessary element is that the Relator must prove that he was qualified for the position but, nevertheless, despite his superior qualifications, a less qualified member of the majority group was promoted.

The School District and Miller contend that Relator's complaints fall within a statutory cause of action. The argument is made that complaints based on racial discrimination were not in existence:

"... prior to the adoption of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e et seq.) and the Texas Commission on Human Rights Act of 1983 (Article 5221k, Texas Revised Civil Stat-utes). As each of said acts clearly notes, no judicial action may be maintained by a complainant unless the complainant has *first* filed his complaint with the appropriate federal or state commission within 180 days after the date that the alleged unlawful employment practice occurred or else the complaint shall be dismissed (42 U.S.C. Sec. 2000e–5(e), Article 5221k Sec. 6.01), and *then* within either 60 days (state) or 90 days (federal) of a determination by the appropriate commission, the complainant files a court action (42 U.S.C. Sec. 2000e–5(e), Article 5221k Sec. 7.01)." (Emphasis theirs)

The position of the Parties Respondent is that, since Relator did not timely file his complaint on the 3 prior occasions, none of these files are discoverable. We disagree.

Relator is not trying to complain of, or prevail in, the 3 occasions wherein white males were promoted prior to his May 27, 1985, application to be Principal. Relator's cause of action is based on alleged discrimination against him occurring on May 27, 1985, and June 24, 1985, when Isabell was promoted to Principal.

■ Since Relator must show a pattern or practice, we decide that the files are discoverable subject to the rules and conditions below. *West v. Solito,* 563 S.W.2d 240 (Tex.1978); *Tucker v. Gayle,* 709 S.W.2d 247 (Tex.App.—Houston [14th Dist.] 1986, no writ history). (Motion for leave to file writ of mandamus in the Supreme Court of Texas was filed in April, 1986. Motion was overruled on May 7, 1986, and a motion for rehearing was denied on June 7, 1986. In the Supreme Court the cause was generally styled "Gayle v. 14th Court of Appeals".) *TEX. R.CIV.P. 166b.* We conclude the files are discoverable, at least firstly, in camera.

■ Further, it was conceded at oral submission and in the record that the District Judge never actually viewed, reviewed or examined any of the files that were sought to be discovered by the Relator. Therefore, we decide that Respondent could not have intelligently ruled upon whether these matters were properly dis-

coverable. We reason that the issue of admissibility is not the final issue on discovery but that the Plaintiff/Relator has the right to discover all those matters which, even though inadmissible, could lead to other relevant, admissible matters. We decide the files of the persons promoted on the "4 occasions", as well as other files bearing thereon, are discoverable in camera. If these files' contents tend to show discrimination, the contents are discoverable to the Relator. Respondents have not shown the files come within any of the exceptions to discoverability. We perceive that, in the past cases, a *possible* pattern or practice may be shown. Hence, the files on the previous appointed principals *may* be discoverable, depending on their content.

■ The mere fact that he did not formally complain or attack the prior promotions of the School Board does not mean that he cannot complain about a past pattern or past practice touching upon the present, alleged discriminatory matter that he is now suing upon. *Relator is black.* He alleges he has been passed over for promotion several times in the past in favor of Caucasian principals; he avers a racially discriminatory promotion practice has been established against Blacks and him.

We decide, however, the proper procedure would be:

1. That the school district produce the files desired by the Relator and deliver them *to the district judge, in camera.* That he carefully go through each and every paper in the files and, in some intelligible way, mark each one of those that he thinks is discoverable, stating his reasons why he thinks they are discoverable.

2. Secondly, that the District Judge clearly mark those pages that are not discoverable, in his opinion, and state the specific reasons why they are not.

3. That he preserve that record, in camera, and transmit it to our appellate court.

We conclude this is the only knowledgeable, intelligent and prudent way for us to proceed in this matter, especially in view of the fact that the trial judge has never seen any of the files in question.

Of course, if the District Judge determines that the files in question, or large portions thereof, are discoverable and the parties agree thereto, then it will not be necessary for these files to be transmitted to our appellate court.

Writ of Mandamus granted conditionally in accordance with this opinion.