**TEXACO REFINING & MARKETING, INC., Relators,**

v.

**The Honorable Gary SANDERSON, Respondent,**

and

**Wayne Allen Lavergne, Real Party in Interest.**

**No. 09 87 075 CV.**

Court of Appeals of Texas, Beaumont.

Oct. 20, 1987.

Charles K. Kebodeaux, Orgain, Bell & Tucker, Beaumont, for relators.

Doug Cherry, Webster, Cris E. Quinn, Reaud, Morgan, & Quinn, David E. Bernsen, Benckenstein, Norvell, Bernsen & Nathan, Dewey J. Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for respondent.

## OPINION

BROOKSHIRE, Justice.

The Relator filed a petition for writ of mandamus. Lavergne and his counsellors sought to obtain certain alleged investigative materials and the results of a certain investigation or investigations. The Relator claimed that these matters were not subject to discovery. The trial judge held a hearing on the same and viewed, in camera, the materials.

After the hearing and the examination of the alleged investigative materials, and after considering briefs, the trial judge entered an order granting a motion to compel production of all statements and other materials taken from Texaco employees or Olshan employees prior to the time this lawsuit was filed on December 19, 1985. He also ordered production of a true and correct copy of all investigative materials that were made or prepared by Texaco Refining & Marketing, Inc., its agents, servants or employees prior to December 19, 1985, and a true and correct copy of all the documents that were produced to the court for the in-camera examination.

The trial court found that Texaco Refining & Marketing, Inc., had failed in its burden to show privilege and failed, also, in its burden to show that any of the above listed items, that Relator sought to protect, were actually exempt from discovery. The trial court further found that these items or materials which had been tendered for the in-camera inspection, were not prepared in anticipation of litigation. The trial court made a further finding that Texaco Refining & Marketing, Inc., had not met its burden of proving that the said documents or materials, or any of them, submitted for the in-camera inspection, were, or are, privileged, holding to the contrary that all materials were discoverable.

■ In traditional writ of mandamus proceedings of this type, the writ to be correctly issued, in a discovery proceeding, must be sustained by the showing of a clear abuse of discretion on the part of the trial judge. *Allen v. Humphreys*, 559 S.W. 2d 798 (Tex.1977). We do not find abuse of discretion in the case subjudice. There was evidence that these types of investigations were routinely made in the more serious cases and were uniformly made in cases involving hospitalization of injured persons. There was testimony, possessing probative force, that the sought-after records and materials were made in the ordinary and usual course of business of the Relator. It is true that there was some conflicting evidence. This conflicting evidence was to the effect that, because the injuries were serious and because of the nature of the fire involved or the type of accident involved, at least certain of the witnesses anticipated litigation.

Some of the materials were written down, literally, within an hour or less after the occurrence took place, which later became the basis of the litigation. It is difficult to comprehend how the witnesses who participated in the production of materials could have anticipated litigation within 30 minutes or an hour of the fire alleged to have caused burns to Lavergne.

In *Barker v. Dunham*, 551 S.W.2d 41, 42 (Tex.1977), the Supreme Court held that the trial judge had *abused his discretion in denying discovery of certain discoverable information*. It was asserted in the *Barker* case that the discovery motion was addressed to the discretion of the trial judge and that his exercise of that discretion was not subject to supervision by writ of mandamus. The unanimous Supreme Court held that:

> "[T]he writ of mandamus may issue in a discovery proceeding to *correct a clear abuse of discretion* by a trial judge." (Emphasis added)

For writ of mandamus to issue, the record must show that the *trial judge clearly abused his discretion*. Under this record, we cannot say that the trial judge clearly abused his discretion when he held that any communications, if any communications existed as such, passing between agents or representatives or the employees of any party to an action, or communications, if any, between any party and his agents, representatives or its employees, that were made subsequent to the occurrence upon which a suit is based, were discoverable. There was evidence to support the trial judge's finding that the discoverable communications, if same were communications, were not made in connection with the investigation or defense of a claim. Some of the materials were not addressed to anyone; some were illegible. Query: Were these communications?

■ We perceive that the persons preparing the materials, *according to the trial judge's findings*, did not make the materials in connection with the investigation or defense of a present, litigious claim. Nor were these materials prepared in anticipation of litigation based on a "good cause" belief that a suit would be prosecuted.

The Supreme Court, in *Stringer v. The Eleventh Court of Appeals*, 720 S.W.2d 801 (Tex.1986), wrote, at page 802:

> "In *Robinson v. Harkins & Company*, 711 S.W.2d 619 (1986), we held the investigation privilege embodied in TEX.R. CIV.P. 166b(3)(d) is still governed by the rule established in *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977). Only information obtained by a party after there is good cause to believe a suit will be filed or after the institution of a lawsuit is privileged."

In *Turbodyne Corp. v. Heard*, 720 S.W. 2d 802, 804 (Tex.1986), the Court wrote:

> "The mere fact that an accident has occurred is not sufficient to clothe all post-accident investigations with privilege. *Stringer v. The Eleventh Court of Appeals*, 720 S.W.2d 801 (Tex.1986). The affidavits filed do not affirmatively state that these documents were prepared in connection with or in anticipation of a subrogation suit. The burden is on the party resisting discovery to prove that evidence is acquired or developed in anticipation of litigation. *Lindsey v. O'Neill*, 689 S.W.2d 400 (Tex.1985)...."

Under this record, there is simply no abuse of discretion shown. *See Tucker v. Gayle,* 709 S.W.2d 247 (Tex.App.—Houston [14th Dist.] 1986, no writ).

We perceive that the Supreme Court views discovery proceedings as having as their paramount aim and major purpose the reasonable, expeditious administration of justice by allowing the parties litigant to obtain *full knowledge of the issues as well as the facts prior to going to trial. West v. Solito,* 563 S.W.2d 240 (Tex.1978). Likewise, we opine that, in construing and applying the rules of discovery, the present high court is philosophically persuaded that *TEX.R.CIV.P. 1,* entitled "Objective of Rules", has important, if not compelling, weight. *Rule 1* reads:

"The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained *with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable,* these rules shall be given a liberal construction." (Emphasis added)

The modern rules of discovery were drafted in order to make a trial on the merits less of a game or contest similar unto "blind man's bluff" and to bring about more of a fair contest with all the important issues and all the relevant facts totally disclosed to the fullest practical degree. *United States v. Procter & Gamble Company,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

The Texas Supreme Court has recognized that the proper goal of discovery was *to seek out the truth* in order that *lawsuits may be decided by all truthful facts* which are revealed to the parties rather than by concealed, hidden matters. *Manuel Garcia, Sr. v. The Honorable David Peeples,* 734 S.W.2d 343 (Tex.1987); *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984).

*Indeed, discovery that is shared should be an effective method to bring about full and fair disclosure. Garcia, supra.* Shared discovery makes the judicial system, itself, more efficient and of a higher quality.

It is now well settled that the party claiming non-discovery or privilege has the *affirmative duty to prove* its contentions. *Lindsey v. O'Neill,* 689 S.W.2d 400 (Tex. 1985). This duty has not been discharged satisfactorily by Texaco Refining & Marketing, Inc.; the judge so found without any abuse of his discretion.

Reviewing again the in-camera materials that were passed on by the District Judge, we discover that the majority, or large portion, of the materials were dated June 25th or 26th. The year is omitted. There is one document that is dated June 27th. The flash fire occurred June 25, 1985. There is one piece of paper dated February 26, which may be a mistake. Some of the pieces of paper are undated. On one of the pieces of paper there is a reference that appears to be to December, 1984, and, at another place, there is some sort of reference to April 21 (no year). These dates may be in error.

We also have reviewed two pieces of paper that were dated May 25, 1985. This date, likewise, was probably a mistake. These dates were before the fire.

We determine that a good faith belief, which is based upon past experiences, that a lawsuit may be filed in the future, fails to establish good cause which would deny and defeat discovery when the anticipated litigation had not yet been filed. *Phelps Dodge Refining Corp. v. Marsh,* 733 S.W. 2d 359, 141 (Tex.App.—El Paso 1987, no writ).

Query: What has become of our traditional Texas adversative system of trying litigation? Answer: "Gone with the wind."[1]

The writ of mandamus is denied. Our prior order staying the District Judge's order is set aside.

---

**1.** "Do as *adversaries* do in law, Strive mightily, but eat and drink as friends." (Shakespeare)