**CUPPLES PRODUCTS CO., a DIVISION OF H.H. ROBERTSON CO. and Liberty Mutual Insurance Co., Relators,**

v.

**Honorable John McClellon MARSHALL, Judge, 14th Judicial District Court, Dallas County, Texas.**

**No. 05–84–01179–CV.**

Court of Appeals of Texas, Dallas.

March 19, 1985.

Duffield G. Smith, Dallas, for relators.

James C. Barber, Dallas, for respondent.

Before STEPHENS, VANCE and AL-LEN, JJ.

VANCE, Justice.

Cupples Products Co. and Liberty Mutual Insurance Company, relators, move for leave to file a petition for a writ of mandamus, seeking to have the Honorable John McClellan Marshall, Judge, 14th Judicial District Court, Dallas County, Texas, vacate his order of October 1, 1984, ordering relators to produce certain documents. We grant the motion for leave to file; further, we conditionally grant the petition for the writ of mandamus.

Diana Wright filed a claim against Cupples Products, her husband's employer, under its workers' compensation coverage and also brought suit alleging that Cupples' gross negligence was the cause of her husband's death. Liberty Mutual was Cupples' insurance carrier for both workers' compensation insurance and liability insurance. The workers' compensation claim was settled. Wright served Liberty Mutual with a motion to produce documents in her gross negligence action against Cupples, requesting the following:

1) All statements or reports reflecting information acquired from persons who witnessed either Robert Wright's accident or any of the circumstances surrounding the accident, including but not limited to safety precautions taken, conditions of equipment, and conversations or comments with other employees.

2) All photographs, diagrams and sketches, not previously produced, related to Robert Wright's accident.

3) All accident reports, inspection reports and results of tests performed on any of the equipment being used on the occasion of Robert Wright's accident.

The trial court granted Wright's motion and relators then filed this application, contending that the documents ordered produced are exempt from discovery under TEX.R.CIV.P. 166b(3)(b) and (d) which provide as follows:

3. *Exemptions.* The following matters are not discoverable:

b. the written statements of potential witnesses and parties, except that any person, whether a party or not, shall be entitled to obtain, upon request, a copy of a statement he has previously made concerning the action or its subject matter and which is in the possession, custody or control of any party;

d. with the exception of discoverable communications prepared by or for experts, any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen.

Respondent contends that the trial court's order requires only that the documents be produced for an in camera inspection by the trial court, which he contends the trial court has discretion to do. Further, respondent maintains that the requested documents pertain only to Liberty Mutual's investigation of the workers' compensation claim, now settled, which Wright filed prior to the filing of the gross negligence claim which is still pending. Thus, respondent contends that no documents which were prepared in connection with the prosecution or defense of the lawsuit in which the discovery is sought have been requested, and that therefore the requested documents do not fall within the ambit of rule 166b(3).

 We disagree with both of respondent's contentions. First, the trial court's order creates an ambiguity as we read it, and could be held to be an order to produce the documents to Wright. The order reads, in part, as follows:

It is therefore hereby ORDERED that the documents sought in paragraphs (1), (2), and (3) of plaintiff's motion to produce, filed in this Court on August 13, 1984, be, and are hereby ordered produced; provided, however, the documents are ordered produced first for an in-camera review by this Court within seven (7) days from the date of this order, before production to the plaintiff.

Furthermore, we hold that the documents ordered produced fall squarely within rule 166b(3)(b) and (d). Subsection (d) states that any time an agent of a party to an action makes a communication to the party subsequent to the occurrence upon which the suit is based, in connection with the investigation of the occurrence out of which the claim has arisen, the communication is privileged and therefore exempt from discovery. The supreme court has made it clear that forced disclosure of privileged material subjects the party disclosing to irreparable harm for which there is no adequate remedy on appeal following a final judgment. *See Maryland American General Insurance Company v. Blackmon,* 639 S.W.2d 455, 456 (Tex.1982). We fail to see the distinction respondent makes between an investigation pursuant to the workers' compensation claim and one pursuant to the gross negligence claim. Both claims arose from the same occurrence. *Any* investigation by an agent of a party, made subsequent to the occurrence out of which the claim being presently litigated has arisen, is privileged. We therefore hold that the documents ordered produced are exempt from discovery.

We anticipate that the trial judge will set aside his orders of October 1 and October 26, 1984, requiring Liberty Mutual Insurance Company to produce its file. Therefore, no writ shall issue unless he refuses to comply with this court's judgment.

Relief granted.