Annie Pearl **TERRY, et al., Relators,**

v.

**Hon. R.W. LAWRENCE, Respondent.**

**No. 12–85–0111–CV.**

Court of Appeals of Texas, Tyler.

May 23, 1985.

Randal C. Roberts, Loftis & Roberts, Tyler, for relators.

Henry H. Rogers, Zeleskey, Cornelius, Rogers & Hicks, Lufkin, for respondent.

PER CURIAM.

This is an original mandamus proceeding arising out of a suit filed by Relators against Temple-Eastex, Inc. and Leroy Criswell ("Defendants"). In that negli-

gence action, Relators seek actual and punitive damages for injuries resulting from a collision between the automobile occupied by Relators Felicia Lynette McKuen and Annie Pearl Terry and a Temple-Eastex truck driven by Criswell.

During the course of pre-trial discovery proceedings, Relators requested production of, *inter alia,* all photographs of the scene of the wreck and of the vehicles involved in the wreck. Defendants refused to produce the photographs, claiming that they were exempt from production under Tex.R.Civ.P. 166b, 3a as work product of the defendants' attorney and under Tex.R.Civ.P. 166b, 3d because the photos "constitute communications passing between agents or representatives of defendants and communications between defendants and their agents and representatives made subsequent to the occurrence or wreck upon which this suit is based and further made in connection with the investigation or defense of [Relators'] claims ... and investigation of the occurrence or wreck out of which.... said claims have arisen." The photos are not connected in any way with an expert's report.

At a pre-trial hearing, Judge Lawrence, opining that photographs are "communications" within the meaning of Rule 166b, sustained Defendants' objections to Relators' request for the production of the photographs. Relators then filed the present proceeding to compel Judge Lawrence to overrule Defendants' objections and to direct him to order production of the photographs.

1. The Dallas Court of Appeals in *Cupples Products Co. v. Marshall,* 690 S.W.2d 623 (Tex.App.—Dallas, 1985, no writ), did not directly address the provisions of Rule 166b, 3d, as they relate to photographs, but did refuse to order Relators to produce photographs relating to the accident involved in the lawsuit. It is not clear what photographs were involved, when they were taken and by whom.

2. Rule 166b (Vernon Supp.1985) reads in relevant part as follows:

   3. Exemptions. The following matters are not discoverable: ...

In an apparent case of first impression,[1] we are compelled to interpret the meaning of "any communication" within the context of Rule 166b, 3d.[2] Prior to the 1984 amendments to the discovery provisions of the Rules of Civil Procedure, Rule 167 enunciated this restriction on a party's right to obtain tangible items and documents from an opposing party:

Provided, that the rights herein granted shall not extend to other written statements of witnesses or other *written communications* passing between agents or representatives or the employees of either party to the suit, or to other communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of such claim or the circumstances out of which same has arisen.

(Emphasis added). Rule 186a had a similar provision to restrict information obtainable by oral or written depositions:

Provided, however, that subject to the provisions of the succeeding sentence, the rights herein granted shall not extend to the work product of an attorney or to communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation, or de-

d. with the exception of discoverable communications prepared by or for experts, *any communication* passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen

   ...

(Emphasis added.)

fense of such claim, or the circumstances out of which same has arisen ...

As noted by the historical note following Rule 166b, the new rule incorporates provisions previously located in Rules 167, 186a and 186b.

Before the promulgation of Rule 166b, the Texas Supreme Court held that photographs which did not accompany a written report were not "written communications" and therefore were discoverable. *See Houdaille Industries, Inc. v. Cunningham*, 502 S.W.2d 544 (Tex.1973); *Allen v. Humphreys*, 559 S.W.2d 798, 802 (Tex. 1977). Relators contend the Supreme Court did not intend to reverse their position and to restrict discovery of photographs by the 1984 amendments, but that the exclusion of the modifier "written" was merely a consequence of incorporating provisions dealing with both oral depositions and discovery of documents and tangible items.

Relators also urge that the photos should be discoverable on policy grounds. Relators were unable to take pictures of the scene of the wreck and of Defendants' truck due to the severe injuries they suffered. The truck was repaired before it could be examined. The injuries suffered by Felicia McKuen and Annie Pearl Terry have impaired their ability to recall the details of the wreck. Relators have consulted accident reconstruction experts attempting to determine how the accident occurred, but have been advised that more "comprehensive and detailed photos" of the road surface and of Defendants' truck are "critical" in reconstructing the accident. Rule 1 reads that the objective of the rules is to obtain a "just, fair, equitable and impartial adjudication of the rights of litigants ... with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable ..." The ruling of the trial court thwarts the objective of the rules, according to Relators, and encourages the destruction of key evidence.

The Supreme Court has consistently protected the exceptions to the rules of discovery. *See Houdaille*, 502 S.W.2d at 548. In *Ex Parte Ladon*, 160 Tex. 7, 325 S.W.2d 121 (1959), the Supreme Court refused discovery under old Rule 167 of a list of bus passengers who witnessed an accident involving the bus, compiled by the bus driver. The determination of the court to enforce the exception as written is evident in its closing statement: "No argument however persuasive as to the superiority of the Federal practice from the standpoint of fairness and justice can justify our destruction of a plainly written proviso under the guise of judicial interpretation." Id. at 124. Numerous examples of the rigid enforcement of exceptions to discovery under Rules 167 and 186a, even when such action caused "unfair, harsh results," were cited in *Menton v. Lattimore*, 667 S.W.2d 335, 340 (Tex.App.—Fort Worth 1984, no writ).

■ Reason and common sense tell us that a photograph is a "communication," as stated by Justice Pope in his dissent to the *Houdaille* decision. *Houdaille*, 502 S.W.2d at 550–551. The liability insurance carrier for Temple-Eastex wished to discover the condition of the road (e.g., skid marks) and of the two vehicles involved in order to investigate the cause of the accident and to prepare a defense to the anticipated litigation. An investigator was sent to the scene to gather this information. Obviously, the most effective way for that agent to transmit the desired information was through photographs.

We disagree with Justice Pope's observation that the majority in *Houdaille* did not disclose whether it reached its conclusion "because a photograph is not written or because it is not a communication or both." Our reading of *Houdaille* indicates that the decision turned on a position that photos, while being communications, were not *written* unless attached to and incorporated in a written report, and therefore did not fall within the exception to discovery under Rule 167. While not being written, photographs are a form of visual communication and would therefore be included within the discovery exception to Rule 166b.

We regret the hardships caused by our rigid adherence to the language of Rule 166b, 3d, particularly since the photos in question may be the only key to discovering the cause of the accident; the consequences of our decision seem inconsistent with the spirit of the rules as set out in Rule 1. We are bound, however, by the previous decisions of the Supreme Court requiring a strict and literal interpretation of discovery rules, even in the face of harsh and unfair results. *See Menton, supra,* and authorities cited therein.

If the 1984 amendments were not intended to effect this change in the law, we trust the Supreme Court will quickly change the rule to reflect their true intent.

Relators petition for writ of mandamus is therefore denied.