**TURBODYNE CORPORATION, Turbodyne, a Division of Worthington Group, McGraw-Edison Company, and Worthington Service Corporation, Relators,**

v.

**The Honorable Hyatt H. HEARD, Respondent.**

**No. C14–85–252–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 5, 1985.

**704**

Andrew Wooley, of Butler & Binion, Houston, for appellant.

John T. Valentine, of Boswell & Hallmark, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

Relators, Turbodyne Corporation, et al., seek a writ of mandamus (1) compelling the Honorable Wyatt H. Heard, Judge of the 190th Judicial District Court of Harris County, to rescind his order of January 16, 1985, denying relators' motion for production of certain documents, and (2) commanding him to examine those documents in camera to determine whether they are discoverable. The principal issue before this court is whether Texas Rule of Civil Procedure 166b(3)(d) should be read literally. We opt for a literal reading and decline to issue the writ.

Relators are defendants in a suit brought by Travelers Insurance Companies (Travelers) and Texas City Refining, Inc. (Texas City). The action concerns a November 1, 1979, explosion and fire at a Texas City refinery involving a catalytic cracking unit manufactured in part by relators. The suit as to relators sounds in negligence, strict liability and breach of warranty.

Immediately after the explosion and fire, Travelers, the casualty insurer for Texas City, began investigation through its own employees and outside consultants. Rela-

tors agree that the investigation concerned both the cause of the explosion and the damage resulting. On July 30, 1980, Travelers and Texas City reached agreement as to the amount of loss covered under the casualty policy. The suit against relators and others was initiated October 30, 1981, and has been actively before the court since then. (The docket sheet reflects some 46 separate entries by the judge up to the date of the complained-of order).

Relators moved to compel production of thirty-nine documents or groups of documents Travelers has refused to produce primarily on the ground that they are exempted from discovery by Rule 166b(3)(d). Tex.R.Civ.P. 166b(3)(d). All but one of the documents are dated prior to July 30, 1980, the date Travelers settled with Texas City on insurance coverage. Relators argue that the documents contain communications made in connection with the adjustment of Texas City's policy claim rather than in anticipation of the suit now pending and therefore are not shielded from discovery by the "investigation-of-a-claim" exemption found in Rule 166b(3)(d). They also contend that the trial court abused its discretion in denying the motion to compel because Travelers did not adequately prove its right to claim the exemption from discovery and because the trial court made its decision without making an in camera inspection of the documents as requested by relators.

▪ A writ of mandamus may issue in a discovery proceeding to correct a clear abuse of discretion by a trial judge. *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977); *Barker v. Dunham*, 551 S.W.2d 41 (Tex. 1977).

▪ A party resisting discovery has the burden of producing evidence concerning the applicability of a particular privilege. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex.1985); *Giffin v. Smith*, 688 S.W.2d 112, 114 (Tex.1985); *Harris Data Communications, Inc. v. Dellana*, 680 S.W.2d 641, 642 (Tex.App.—Austin 1984, no writ).

Of course the proof required depends upon the exemption claimed. Travelers claims that eight of the documents are exempt because they contain the mental impressions and opinions of experts who have been employed in anticipation of litigation but who will not be called to testify at trial. Travelers relies upon the exemption in Rule 166b(3)(d) for the other thirty-one documents. The rule provides the following matters are not discoverable:

(d) with the exception of discoverable communications prepared by or for experts, any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen.

Tex.R.Civ.P. 166b(3)(d).

Relators concede that Travelers has adequately established that the 31 documents are communications passing between a party or its agents, representatives or employees and made subsequent to the occurrence or transaction upon which the suit is based. They also concede that the documents were made in connection with the investigation of the occurrence out of which the claim arose. However, relators contend that current case law demands that this court not apply Rule 166b(3)(d) literally, but limit the exemption to documents made in connection with the prosecution, investigation or defense of the *particular claim* Travelers asserts in its suit against relators. Relators further argue that Travelers has failed to prove that the documents generated before the settlement of the insurance claim were also made in connection with the subrogation claims asserted much later.

To support their position relators cite *Allen v. Humphreys,* 559 S.W.2d 798 (Tex. 1977), in which the court stated that "[T]he privilege against discovery can be invoked only where the document sought to be protected was prepared in connection with the prosecution or defense of the lawsuit in which the discovery is sought." *Id.* at 803. *See also Zenith Radio Corp. v. Clark,* 665 S.W.2d 804, 809 (Tex.App.—Austin 1983, no writ). While this broad language was appropriate to the facts of *that* case, we do not believe the court intended such rule to be blindly applied. There, even the request for production of tests, complaints, reports, correspondence, etc., specifically excluded those "made by the defendant in connection with the investigation or defense of plaintiff's claim." In fact, the supreme court there said "the result of a test or survey done after the institution of Mrs. Allen's suit or after Safeway and Charter Oak had good reason to believe such a suit would be filed would be privileged if the defendant could show the survey or test was made in connection with the prosecution, investigation or defense of *such claim or the circumstances out of which the same has arisen.*" (emphasis supplied).

In oral argument, relators candidly stated that it was crucial to their cause that the documents sought to be discovered had to have been prepared in connection with the prosecution or defense of "this" lawsuit, referring to the suit between Travelers and Texas City on the one hand and relators on the other.

We are aware that another panel of this court in *Kupor v. Solito,* 687 S.W.2d 441 (Tex.App.—Houston [14th Dist.] 1985), applied the strict limitation quoted above from *Allen v. Humphreys* upon which relators rely. While we agree that the writ of mandamus was there properly denied, we believe the panel relied too heavily on the requirement that "the communication sought to be protected was prepared in connection with the prosecution or defense *of the lawsuit in which the discovery is sought.*" (emphasis supplied). We believe the mandamus would have been properly denied on the basis that there was no showing that this communication was made in connection with "the investigation of the occurrence or transaction out of which the

claim has arisen." *See: Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex.1985).

■ The rule interpreted by the supreme court in *Allen v. Humphreys* read as follows:

> Provided, that the rights herein granted shall not extend to other written statements of witnesses or other written communications passing between agents or representatives or the employees of either party to the suit, or to other communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of such claim or the circumstances out of which same has arisen.

Tex.R.Civ.P. 167 (Vernon 1969).[1] Under the earlier rule, a communication was exempt only if it was made in connection with the *circumstances* out of which the claim arose. The drafters of the current rule specifically added a category of exempt communications: those that were made in connection with *the investigation of the occurrence or transaction out of which the claim arose.* The change may be subtle but until we are clearly instructed by the supreme court otherwise, we feel obliged to apply the rule as written. We agree with the Dallas court's construction of the rule as announced in *Cupples Products Co. v. Marshall*, 690 S.W.2d 623, 625 (Tex.App.—Dallas 1985) that "[A]ny investigation by an agent of a party, made subsequent to the occurrence out of which the claim being presently litigated has arisen, is privileged." Thus we reject relators' contention that the documents are not shielded from discovery. See also: *Terry v. Lawrence*, 692 S.W.2d 559 (Tex.App.—Tyler 1985).

As mentioned above, there is no dispute that for the 31 documents, Travelers adequately proved the elements of the exemption as we interpret them; therefore the respondent had no duty to further examine the documents and did not abuse his discretion in denying the motion to compel.

As to the eight documents that are or contain nontestifying consultant's reports, we hold that Travelers again adequately proved that the applicable exemption controlled. Rule 166b(3)(c) provides that the mental impressions and opinions of an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial, or any documents or tangible things containing such information, are not discoverable if the expert will not be called as a witness and his work product does not form the basis either in whole or in part of the opinions of an expert who will be called as a witness. Tex.R.Civ.P. 166b(3)(c).

Relators do not complain that Travelers has failed to prove that the consultants' work product does not form the basis of the opinions of testifying experts. They complain only that Travelers has failed to adequately prove that the experts *were retained in anticipation of litigation.* In support of its claim of exemption from discovery, Travelers provided the trial court with affidavits of Dr. John Sohre and Dr. Howard R. Voorhees, the two experts whose reports are at issue, and of L.M. Conway, Travelers' "home office contact" for the Texas City claim. In his affidavit Conway testified that:

> Almost immediately after notice of claim was received from TEXAS CITY REFINING, INC., there was good cause to believe that a lawsuit would be instituted against some of the companies involved in the construction/design of the Fluid Catalytic Cracking Unit.

> Dr. John Sohre and Dr. Richard Voorhees were employed specifically for the purpose of investigating the causation of the November 1, 1979 incident.

The affidavits of the experts simply list the items and equipment they inspected, tested or took custody of during the investigation of the November 1, 1979 incident.

---

**1.** Essentially the same language was maintained when the rules were amended effective January 1, 1981, and Rule 167 adopted the exemptions to discovery provided for in Rule 186a.

Relators complain that Conway's affidavit did not prove that the experts were employed in anticipation of litigation because it amounts to testimony by an interested witness not easily controverted and states a mere conclusion (that there was good cause to believe a lawsuit would be instituted). As authority relators cite three summary judgment cases, *Straughan v. Houston Citizens Bank & Trust Co.*, 580 S.W.2d 29, 32 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984), and *Inwood Forest Community Improvement Association v. R.J.S. Development Co.*, 630 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1982, no writ). The cited authority is inapplicable. Summary judgment rules specifically state that affidavits in support of or opposing a summary judgment shall set forth facts as would be admissible in evidence. Tex.R.Civ.P. 166–A(e). The standard of review in summary judgment cases is strict. The evidence is viewed in the light most favorable to the party opposing the motion. On the other hand, this court is not allowed to grant a mandamus unless the record reflects a clear abuse of discretion on the part of the trial judge. We hold that it was not an abuse of discretion for the respondent to treat the affidavits as evidence that the experts were employed in anticipation of a subrogation suit of the kind eventually filed by Travelers. With that proof before him he had no obligation to inspect the documents before denying relator's motion to compel.

The application for writ of mandamus is denied.