706 S.W.2d 801 (1986)
TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Relator,
v.
John F. FASHING, Honorable Judge of County Court at Law Number Two, El Paso County, Texas, Respondent.
No. 08-86-00054-CV.
Court of Appeals of Texas, El Paso.
April 2, 1986.
Robert Valdez, Kemp, Smith, Duncan & Hammond, El Paso, for relator.
Raymond C. Caballero, Evelina Ortega, El Paso, for respondent.
Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION
SCHULTE, Justice.
Relator seeks mandamus relief to compel the Respondent to rescind a discovery order in the case of Ricardo Rubio v. Kessler Premium Castings Company, cause number 85-4442 on the docket of El Paso County Court at Law Number Two. We deny relief.
Rubio was a employee of Kessler. In May, 1984, he injured his back on the job and filed a claim for workers' compensation benefits. In September, 1984, a second on-the-job injury resulted in the amputation of a finger and a second compensation claim. A settlement was reached between Relator (Kessler's workers' compensation carrier) and Rubio while the claim was still pending before the Industrial Accident Board. The settlement was approved by the Board. Subsequently, on May 2, 1985, Kessler discharged Rubio from employment, purportedly for overstaying his sick leave. Rubio then filed suit for wrongful discharge, contending that he had in fact been fired in retaliation for his filing a good faith workers' compensation claim. Rubio sought discovery of the Relator's claim file. Relator resisted solely on the basis on privilege under Tex.R.Civ.P. 166b(3)(d). The Respondent undertook an in camera inspection of the file (Exhibit S-2) and ordered disclosure of a portion of its contents (Exhibit S-1).
Our examination of the present mandamus record presents a question not addressed by the parties. The documents produced for in camera inspection and ordered disclosed deal almost exclusively *802 with the back injury sustained in May, 1984 (claim number XX-XX-XXXXX). Only a few passing references are made to the September, 1984, finger injury and claim (claim number XX-XX-XXXXX). The record further suggests (without absolute certainty) that it was only the earlier back injury claim which was settled. Rubio's petition alleging wrongful discharge alleges only the September injury and claim as an improper basis for discharge in violation of Tex.Rev. Civ.Stat.Ann. art. 8307c (Vernon Supp. 1986). His subpoena sought production of all claim documents without discrimination between the two injuries. This question is apparently of little significance, however. The documents ordered disclosed relate to the back injury claim, and Relator's only challenge is predicated upon the privilege previously cited.
Rule 166b(3)(d) extends a privilege from discovery to:
[A]ny communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen; .... [emphasis added].
The dispute before us involves an interpretation of the underscored elements of the privilege and their proper application to the case at hand. Relator contends that proof of a good faith injury claim is an essential element of the plaintiff's case and is therefore the "occurrence or transaction upon which the suit is based." The Relator's claim file would then be the product of an "investigation of the occurrence or transaction out of which the claim has arisen" and would necessarily involve communications made "subsequent" to that event. We disagree. The claim or suit in this case is for wrongful discharge and the essential occurrence or transaction upon which it is based is the discharge itself, despite the existence of additional antecedent elements which must be proven. While Rubio must prove more than mere discharge in order to prevail, it is the discharge alone which triggers the cause of action. A contractual claimant must prove an antecedent contract, but it is the subsequent breach which gives rise to the litigable controversy. The breach may arise from the contract but the suit arises from and is based upon the breach. The insurance investigation was not undertaken to prepare an employer's defense against a wrongful discharge claim. It was not even undertaken for the purpose of deciding upon discharge. Certainly, the discharge suit was not even contemplated at the time the file was generated, there being no colorable wrong upon which to base it.
The present case provides a clearer basis for discovery than any case cited by either side. In Turbodyne Corporation v. Heard, 698 S.W.2d 703 (Tex.App.-Houston [14th Dist.] 1985, no writ) and Cupples Products Co. v. Marshall, 690 S.W.2d 623 (Tex.App.-Dallas 1983, no writ), the investigation files sought through discovery dealt with the exact issues presented in the suit in which discovery was sought. In Cupples, the plaintiff had filed a claim for workers' compensation benefits and a suit for gross negligence, both arising out of the job-related death of her spouse. The one injurious occurrence triggered two forms of damage recovery necessarily to be sought by two different procedures. In Turbodyne, one injurious explosion produced a casualty claim against the insurance company and a subsequent claim in products liability against the manufacturer of the equipment which purportedly caused the explosion. In our case, the workers' compensation claim is distinct from the wrongful discharge suit, despite the fact that the former is an element of proof in the latter. They are founded upon different concepts of liability, different elements of proof, and different types of damage. The investigation files generated by the compensation claim were not in any sense *803 prepared in connection with the occurrence of the discharge or the resulting suit.
No abuse of discretion on the part of Respondent has been demonstrated. The petition for relief is denied.
OSBORN, J., not sitting.