**Margaret ROBINSON, Petitioner,**

v.

**HARKINS & COMPANY, Respondent.**

No. C–5203.

Supreme Court of Texas.

June 11, 1986.

Rehearing Denied July 16, 1986.

Dan Pozza, Pasqual & Pozza, San Antonio, for petitioner.

Darrell L. Barger, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for respondent.

PER CURIAM.

This is a personal injury action brought under the doctrine of *respondeat superior*, arising from a motor vehicle-train collision. The questions before us are whether the trial court erred in (1) sustaining a hearsay objection to certain evidence offered as declarations against interest, and (2) not allowing discovery of an insurance investigator's report of the accident. The court of appeals held there was no error and affirmed the trial court's judgment denying recovery. 704 S.W.2d 554. We hold that the trial court did so err and accordingly grant petitioner's writ of error and, without hearing oral argument, reverse the judgment of the court of appeals.

Jerry Robinson worked for Harkins & Company as a mechanic. He was on 24-hour call and was provided with a company truck to move between work sites. On November 4, 1980, Jerry was working at a job site near Runge, Texas. Margaret Robinson accompanied her husband to the site. The Robinsons left the job site at approximately 3:30 p.m. and, on the way home to Alice, stopped to visit Jerry's stepfather and mother at their bar near Kenedy. The Robinsons left the bar at approximately 12:00 a.m. Their truck collided with the fifth car of a Southern Pacific Railroad train four or five miles from the bar at approximately 12:05 a.m. Margaret was rendered a paraplegic as a result of the accident. Jerry was not seriously injured. The Robinsons have since divorced and Jerry moved away. His whereabouts were unknown to all parties at the time of trial.

In order to recover under the doctrine of *respondeat superior*, Margaret had to prove that Jerry was driving the truck. This was the major dispute at trial. The evidence on this point was conflicting, and the jury failed to find that Jerry was the driver. No issue was submitted as to Margaret. In her appeal, Margaret contends that the trial court excluded evidence tending to show that Jerry was driving that was vital to her case. This evidence consisted of (1) a notice of injury report filed by Jerry with the Industrial Accident Board and (2) inculpating statements made by Jerry to Margaret. The trial court sustained Harkins' hearsay objection to this evidence. Margaret also contends that the trial court erred in not allowing her to discover, pre-trial, an investigation report made by Lee Friday, an agent of Harkins' worker's compensation carrier, Texas Employers Insurance Association.

We first address the admissibility of the excluded evidence. Margaret argues that both the IAB report and the inculpating statements are admissible under the declarations against interest exceptions to the hearsay rule. TEX.R.EVID. 803(24) (Vernon Supp.1986). This rule provides:

> *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true.

All hearsay exceptions require a showing of trustworthiness. TEX.R.EVID. 803(24) is founded on the principle that the ramifications of making a statement is so contrary to the declarant's interest that he would not make the statement unless it was true. There are three general interests considered under the rule: pecuniary, penal, and social. Thus, while a particular statement may be self-serving in one respect, it may simultaneously be contrary to another interest. Admissibility, then, necessarily requires a weighing and balancing of competing interests.

In the present case, the evidence offered by Margaret serves as a declaration against all three of the "interests" embodied in TEX.R.EVID. 803(24). By admitting to be the driver, Jerry subjected himself to potential liability for negligence, which is against his pecuniary interest. Further, he has opened himself up to possible criminal charges for the accident itself and if he lied in order to recover worker's compensation benefits. Finally, he has announced to the world that he was partly responsible for making his wife a paraplegic, which goes against his social interest. On the other hand, the IAB report is self-serving in that it might allow Jerry to recover worker's compensation benefits. While there is some degree of competing interest, the disserving nature of the proffered evidence outweighs the self-serving

aspect relied on by the court of appeals. We hold that both the IAB report and the extrinsic statements fall within the parameters of a declaration against interest and thus qualify as exceptions to the hearsay rule. TEX.R.EVID. 803(24).

We next turn to the discoverability of the insurance investigation report. Margaret asserts that Lee Friday, an agent of TEIA, questioned Jerry about the wreck before Jerry was terminated by Harkins. The record reflects that Jerry was fired on November 10, five days after the accident. In *Allen v. Humphreys*, 559 S.W.2d 798 (Tex. 1977), this court held that the privilege against discovery can be invoked only where the documents sought to be protected were prepared in connection with the prosecution or defense of the lawsuit in which the discovery is sought. *Id.* at 803. The provision of TEX.R.CIV.P. 167 (Vernon 1976) relied on in *Humphreys* has since been transferred to TEX.R.CIV.P. 166b(3)(d) (Vernon Supp.1986). However, in *Terry v. Lawrence*, 700 S.W.2d 912 (Tex. 1985), we held that the purpose of the 1984 amendments to the Texas Rules of Civil Procedure was to combine all scope of discovery concepts into a single rule, not to make substantive changes in the existing law. In adopting TEX.R.CIV.P. 166b, this court did not overrule *Allen v. Humphreys*.

In the instant case, there was no lawsuit pending at the time the statement was allegedly made. The investigator's report was no doubt made in connection with Jerry's potential worker's compensation claim. Thus, under *Humphreys*, the investigation privilege embodied in TEX.R.CIV. P. 166b(3)(d) is inapplicable. Consequently, we hold that the trial court erred in granting Harkins' protective order and disallowing discovery of the investigation report.

Because the holding of the court of appeals is contrary to this court's opinion in *Allen v. Humphreys* and TEX.R.EVID. 803(24), we grant petitioner's application for writ of error and, without hearing oral argument, reverse the judgment of the

court of appeals and remand the cause for a new trial in accordance with the rulings herein expressed.