**TURBODYNE CORPORATION et al., Relators,**

v.

**The Honorable Wyatt H. HEARD, Respondent.**

No. C–5364.

Supreme Court of Texas.

July 9, 1986.

Rehearing Denied Jan. 7, 1987.

Andrew Wooley, Butler & Binion, Houston, for relators.

John T. Valentine, Boswell & Hallmark, Houston, for respondent.

PER CURIAM.

Turbodyne Corporation, et al. filed this original mandamus action in this court to order Judge Hyatt Heard of the 190th District Court of Harris County to rescind his order denying discovery of 39 documents from Travelers Insurance Company. The Fourteenth Court of Appeals in Harris County denied mandamus relief in *Turbodyne Corp. v. Heard,* 698 S.W.2d 703 (Tex. App.—Houston [14th] 1985, orig. proceeding). Travelers contends that these documents are privileged under TEX.R.CIV.P. 166b. We hold that the trial court abused its discretion in denying discovery, and conditionally grant the writ.

On November 1, 1979, a fire and explosion occurred at Texas City Refining, Inc. Turbodyne was the manufacturer of a part of a catalytic cracking unit involved in that fire. Texas City's casualty insurer, Travelers Insurance Company, initiated an investigation into the causes and damages of the accident. Approximately nine months after the accident, on July 30, 1980, Travelers and Texas City reached a settlement on the coverage. On October 30, 1981, Travelers and Texas City filed a subrogation suit against Turbodyne and other manufacturers in the 190th District Court of Harris County. Turbodyne filed a motion to compel production of 39 documents prepared by employees of Travelers or experts employed by Travelers. Travelers asserts that all documents but one were prepared prior to the date Travelers settled with Texas City, July 30, 1980.

Travelers claims that those documents prepared by its employees were protected under TEX.R.CIV.P. 166b(3)(d), which provides the following exemption from discovery:

(d) with the exception of discoverable communications prepared by or for experts, any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the

suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen.

It also contends that several documents prepared by non-testifying experts employed by Travelers are exempt from discovery under Rule 166b(3)(c), which provides that the identity, opinions, and mental impressions of an expert, or documents prepared by an expert, are privileged from discovery if the experts will not be a witness at trial and the experts were retained in "anticipation of litigation."

■ Recently, in *Robinson v. Harkins & Company*, 711 S.W.2d 619 (Tex.1986), we held that the investigative privilege in Rule 166b(3)(d) is still governed by the rule announced in *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977), that only documents prepared in connection with the prosecution or defense of the lawsuit in which discovery is sought will be protected. We decided that an investigator's report prepared in connection with a workers' compensation claim was discoverable in a later personal injury action. The reasoning in *Robinson* applies to this case. Documents prepared by Travelers in connection with settlement of its claim with its insured would not be protected from discovery in a later subrogation suit.

■ Travelers contends that its documents prepared by non-testifying experts are privileged because two experts employed by Travelers to investigate the accident filed affidavits stating that they were employed to investigate the cause of the accident and that immediately after the accident there was good cause to believe a subrogation suit should be filed. The mere fact that an accident has occurred is not sufficient to clothe all post-accident investigations with privilege. *Stringer v. The Eleventh Court of Appeals*, 720 S.W.2d 801 (Tex.1986). The affidavits filed do not affirmatively state that these documents were prepared in connection with or in anticipation of a subrogation suit. The burden is on the party resisting discovery to prove

that evidence is acquired or developed in anticipation of litigation. *Lindsey v. O'Neill*, 689 S.W.2d 400 (Tex.1985). Travelers has failed to prove this.

Because we hold that the trial court's order denying discovery conflicts with our opinion in *Robinson*, pursuant to TEX.R. CIV.P. 483 we conditionally grant the writ without hearing oral argument. All the documents prepared prior to July 30, 1980, are discoverable. The trial court shall examine all documents prepared after July 30, 1980 to determine whether they are discoverable. If the trial court fails to vacate the order, the mandamus will issue.