**SERVICE LLOYDS INSURANCE COMPANY, Relator,**

v.

**Honorable Harley CLARK, Judge, Respondent.**

**No. 14689.**

Court of Appeals of Texas, Austin.

July 16, 1986.

Michael G. Mullen, Brown, Maroney, Rose, Barber & Dye, Austin, for relator.

Bert W. Pluymen, Pluymen & Bayer, Austin, for respondent.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

## ON MOTION FOR REHEARING

GAMMAGE, Justice.

Our prior opinion in this cause is withdrawn, and the following is substituted therefor.

Service Lloyds Insurance Company seeks a writ of mandamus to direct the district court of Travis County to vacate or rescind an order compelling the production of certain documents. We will deny the requested relief.

Richard Greenhalgh sought workers' compensation benefits from Service Lloyds for an injury he suffered on the job at Porsche-Audi of Austin, Ltd. After settlement of that claim, Greenhalgh filed a separate action against Service Lloyds, its investigative firm and several employees of the two companies. Greenhalgh, in that suit, alleged bad faith insurance practices under several statutory and common law theories of liability. In response to a request for production of documents filed by Greenhalgh, Service Lloyds moved for an order protecting from discovery its investigation files relating to Greenhalgh's workers' compensation claim. After a hearing and *in camera* inspection of the relevant documents, the district court ordered Service Lloyds to produce some of the documents.

■ Our standard for review is whether the trial court clearly abused its discretion in ordering this discovery. *General Motors Corp. v. Lawrence*, 651 S.W.2d 732 (Tex.1983). Furthermore, discovery is favored, and the rules pertaining to discovery must be liberally construed. *State v. Clark*, 695 S.W.2d 673 (Tex.App.1985, orig. mand. proceeding); *Martinez v. Rutledge*, 592 S.W.2d 398 (Tex.Civ.App.1979, writ ref'd n.r.e.).

The issue presented by this original proceeding is whether the district court abused its discretion by ruling that Tex.R. Civ.P.Ann. 166b(3)(d) (Supp.1986) does not protect the subject investigation files from discovery in the suit for bad faith insurance practices. We hold that the court did not abuse its discretion. The rule provides:

3. Exemptions. The following matters are not discoverable: ...

d. with the exception of discoverable communication prepared by or for experts, any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen; ....

■ A party invoking this exemption from discovery must establish three elements: (1) the documents sought to be discovered are communications between or

among a party and its agents, representatives or employees; (2) the communications were made subsequent to the event upon which the suit is based; and (3) the communications were made in connection with the prosecution, investigation or defense of the claim or the investigation of the circumstances out of which the claim arises. *Allen v. Humphreys,* 559 S.W.2d 798, 802 (Tex.1977).

█ It is undisputed that the documents sought to be protected here meet the first part of this test. In support of its contention that the documents also meet the second and third parts of the test, Service Lloyds cites *Turbodyne Corporation v. Heard,* 698 S.W.2d 703 (Tex.App.1985, orig. mand. proceeding) and *Cupples Products Co. v. Marshall,* 690 S.W.2d 623 (Tex.App. 1985, orig. mand. proceeding). Unlike the dispute underlying the present proceeding, each of those cases involved separate causes of action arising from a single injurious occurrence, and discovery of investigation files was not allowed. *See Texas Employers' Ins. Ass'n v. Fashing,* 706 S.W.2d 801 (Tex.App.1986, orig. mand. proceeding). In the present appeal, the workers' compensation claim is distinct from the suit for bad faith insurance practices. "They are founded upon different concepts of liability, different elements of proof, and different types of damage." *Id.* at 802. The investigation files generated by the compensation claim were not in any sense prepared in connection with the *prosecution, investigation or defense* of the claim for bad faith insurance practices or the investigation of the circumstances out of which the claim arises.

The other opinion relied on by Service Lloyds, *Maryland American General Insurance Company v. Blackmon,* 639 S.W.2d 455 (Tex.1982), can also be distinguished from the current dispute. In *Maryland American,* a bank sued its fidelity insurer alleging both contract and bad faith dealing causes of action. The court held that the insurer was entitled to assert its discovery privilege with regard to materials relating to the filing and investigation of the insurance claim and its decision on the claim in the bad faith action "so long as its liability on the [contract] remains undetermined." *Id.* at 458. In the present appeal, the workers' compensation claim has been settled, and the limited privilege set out in *Maryland American* concerning a pending cause of action is clearly inapplicable.

Service Lloyds received a letter from counsel for Greenhalgh notifying it and the other defendants of Greenhalgh's intention to bring the suit alleging bad faith insurance practices. Before receiving that letter Service Lloyds had no knowledge that this suit would be brought, and the communications contained in the documents Service Lloyds seeks to protect could not have been made in connection with the prosecution, investigation or defense of the claim or the investigation of the circumstances out of which the bad faith claim arises.

Examination of the material in question discloses that the date Service Lloyds received this letter was October 28, 1985, not the November 4, 1985 date indicated by the order signed by Judge Clark. The trial court correctly ordered that material be produced, but allowed discovery of documents which "originated" prior to the erroneous November 4, 1985 date. The district court should vacate its order of March 26, 1986, and substitute therefor an order showing October 28, 1985, as the date prior to which material should not be exempted from discovery. This Court is confident that the trial court will abide by our opinion; if not, a writ of mandamus will issue.

The application for writ of mandamus is denied.