**VICTORIA LLOYDS INSURANCE CO., Relator,**

v.

**Honorable J. Ray GAYLE, III, Respondent.**

**No. 01–86–0415–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 28, 1986.

Candace Sturdivant, Michael C. Neel, Michael C. Neel & Associates, Houston, for relator.

J. Ray Gayle, Judge, 239th District Court, Brazoria County, Kathlyn A. Knobloch, John Murphrey & Associates, Jimmy Williamson, Doherty & Williamson, Houston, for respondent.

Before HOYT, DUGGAN and LEVY, JJ.

## OPINION

HOYT, Justice.

### ORIGINAL PROCEEDING ON PETITION FOR WRIT OF MANDAMUS

■ This original proceeding on a writ of mandamus, filed by Victoria Lloyds Insurance Company ("Relator"), concerns a discovery ruling by the trial judge of the 149th District Court of Brazoria County, ordering Relator to produce a claims file. Relator has been ordered to produce all documents in its claim file up to the date the plaintiff filed suit. We have authority to grant the mandamus only if the trial court clearly abused its discretion in ordering the documents produced. *Allen v. Humphreys*, 559 S.W.2d 798, 801 (Tex. 1977). We deny the mandamus.

The underlying suit involved in this mandamus was brought by Randall Frank Black to recover for personal injuries he sustained in a car accident with Lisa Jeannie Sudderth. When the accident occurred, Sudderth was driving a truck owned by her father, C.O. Daniel, and used in his business; but leased to Wood Brothers Transfer, Inc.

The plaintiff initially brought suit on April 14, 1983, against Daniel, Sudderth, Wood Brothers Transfer, Inc., Statewide Trucking, Inc., and Statewide Trucking, Inc., d/b/a Wood Brothers Transfer, Inc., seeking damages for the injuries he sustained.

Approximately one year later, in March of 1984, Daniel and Sudderth cross-claimed against both Wood Brothers Transfer and Relator, alleging that they had misrepresented the extent of coverage Daniel had purchased from them to cover his truck. Daniel and Sudderth claimed that Wood Brothers and Relator told Daniel that he, Daniel was receiving the full coverage required by Texas law, when the policy actually provided less coverage. A few days after the cross-claim was filed, Black nonsuited Wood Brothers Transfer and then filed a second amended petition alleging the same claims against Wood Brothers

Transfer and Relator that were alleged by Daniel and Sudderth. In August of 1985, the trial court severed the Black, Daniel, and Sudderth misrepresentation claims and abated them until after the trial of the car collision case that was held in October, 1985. The trial resulted in a judgment against Sudderth for Black's injuries.

After the entry of the judgment against Sudderth, the trial court reactivated the misrepresentation and fraud action against Relator and Wood Brothers Transfer. Black then sent a request for production of documents to Relator requesting

> The entire claim file of Victoria Lloyds Insurance Company pertaining to the representation of C.O. Daniel, Lisa Jeannie Sudderth, Wood Brothers Transfer, Inc., Statewide Trucking, Inc. and Statewide Trucking, Inc. d/b/a Wood Brothers Transfer, Inc. for any and all causes of action brought by Randall F. Black.

Relator did not respond, or file an objection to the request for production, until a hearing was held on Black's motion to compel.

Relator claimed that the above documents are exempt from discovery pursuant to Tex.R.Civ.P. 166b(3)(d). The trial court granted the motion to compel and ordered Relator to produce all documents in its claim file dated up to April 14, 1983, the date the plaintiff filed his original petition. Relator filed this petition when its motion for rehearing was overruled.

The controversy concerning the discoverability of the claims file centers around Tex.R.Civ.P. 166b(3)(d). That rule states that the following are not discoverable:

> with the exception of discoverable communications prepared by or for experts, any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of

the occurrences or transaction out of which the claim has arisen.

Relying primarily on *Maryland American General Insurance Co. v. Blackmon,* 639 S.W.2d 455 (Tex.1982), *Turbodyne Corp. v. Heard,* 698 S.W.2d 703 (Tex.App. —Houston [14th Dist.] 1985), *rev'd,* 29 Sup. Ct.J. 521 (July 9, 1986)) and *Cupples Products Co. v. Marshall,* 690 S.W.2d 623 (Tex. App.—Dallas 1985, no writ), Relator claims that the plaintiff's request for production includes documents protected from discovery under rule 166b(3)(d). The plaintiff, on the other hand, claims that the documents are not protected because the claims file generated by Relator pertained to the car collision, not to the misrepresentation and fraud claims added in the second amended petition.

■ Two distinct causes of action have been asserted by Black. In the original petition, filed in April of 1983, he alleged only the personal injury action. This action was settled by the trial in October, 1985. A year later, in the second amended original petition, Black added the DTPA/Insurance Code violation actions, alleging that misrepresentations were made to Daniel concerning Daniel's insurance coverage. Neither the plaintiff nor Daniel and Sudderth are claiming that Relator is liable to them on the policy. They concede that there was no coverage because the truck was being used for personal business. Instead, they claim that Relator is liable to them because of its tortious act in misrepresenting the nature of the coverage. The misrepresentation claims are the only causes of action left in the suit. Consequently, the statements or documents contained in Relator's claim file and dated up to April 14, 1983, will be exempt from discovery under rule 166b(3)(d) only if they were prepared in connection with the defense or prosecution of the misrepresentation and fraud claims. *Robinson v. Harkins & Co.,* 29 Tex.Sup.Ct.J. 414, 415, 711 S.W.2d 619 (1986).

Considering all of the evidence Relator included in its brief—most of which was not brought to the trial court's attention before his ruling—Relator has not clearly shown that the file was generated as an investigation of the misrepresentation claim. Furthermore, there is no evidence in the record clearly showing that the documents that Relator claims to be privileged are in fact privileged. Relator has failed to meet its burden. *See Robinson v. Harkins & Co.,* 29 Tex.Sup.Ct.J. 414, 415, 711 S.W.2d 619 (1986).

The cases cited to us by Relator are distinguishable from this case. *Maryland American General Insurance Co. v. Blackmon,* 639 S.W.2d 455 (Tex.1982), cited by Relator as being most closely aligned with the facts of this case, contains facts fundamentally different from the facts before us. That suit involved a bank's claim under a banker's blanket bond for fraudulent acts of the bank's president. The bank notified the insurer of its claim and then filed suit against the individuals involved in the fraud against the bank. Later, the bank alleged that the insurer was liable for punitive damages because of its "bad faith" failure to properly investigate and make payment on the bond. The Supreme Court held that the bank could not discover the insurer's claim file because of the bank's contract action for recovery under the blanket bond. Because the documents were exempt from discovery under that theory, they were not discoverable under the bad faith theory. To allow the bank to discover them under the bad faith claim would vitiate the protection afforded the documents under the contract claim. However, implicit in the decision was the axiom that the documents would be discoverable if the insurer's liability on the bond were not an issue. 639 S.W.2d at 458. In the proceeding before the trial court, there is no claim for coverage under the policy.

Concomitant with one's assertion of the privilege provided under rule 166b(3)(d) is the burden of proving that one is entitled to it, which may require an in-camera inspection by the trial judge. Here, there is no evidence to support Relator's claim.

The petition for writ of mandamus is denied.