**Warren L. EDDINGTON, Relator,**

v.

**The Honorable Hugo TOUCHY, Judge of the 129th District Court of Harris County, Texas, Respondent.**

**No. 01–90–00432–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 26, 1990.

Cynthia Satel Allison (Richard L. Eddington, of counsel), Corpus Christi, Jeffrey J. Asperger, Chicago, Ill., for relator.

Kevin H. George, Houston, for respondent.

Before EVANS, C.J., and DUNN and O'CONNOR, JJ.

## OPINION

EVANS, Chief Justice.

Relator, Warren L. Eddington, seeks a writ of mandamus to vacate the order of the Honorable Hugo Touchy, Judge of the 129th District Court of Harris County, which denied his motion to compel production of documents from the real parties in interest, Royal Insurance Company and Lawrence Moseley (collectively referred to as "Royal"). We conditionally grant the writ of mandamus.

Relator, a lawyer, represented Michael Childers in connection with personal injuries Childers suffered while working for BTR Marine, Inc. ("BTR"). Childers, who was allegedly injured on October 27, 1988, signed a power of attorney on November 26, 1988, authorizing relator to represent him in connection with his personal injury claim. In this power of attorney, a copy of which is made a part of the mandamus record, Childers assigned relator one-third of any amounts received if Childers' claims were settled before suit, or 40% of any recovery after suit was filed.

The injured party, Childers, did not wait for relator to institute action on his behalf. Instead, Childers, in late March 1989, made direct contact with Royal's adjuster, Moseley, informing Moseley that he wished to settle his claim. Childers evidently told Moseley, who was aware that relator represented Childers, that relator no longer represented him. Childers and Moseley then agreed to a $100,000 settlement. In connection with the settlement, Childers swore that he had discharged relator, that he did not desire an attorney, and that he was not acting under duress.

When relator discovered the settlement, he sued Royal for tortiously interfering with his contingency contract with Child-

ers, alleging that Royal had concealed from Childers the true value of his claim and had wrongfully circumvented relator's assigned contractual interest in any recovery received by Childers. In his suit, relator seeks 40% of the actual value of Childers' claim, which he alleges exceed $2 million, and also prays for $1 million for tortious interference with his contract and $5 million in punitive damages.

Relator obtained a subpoena duces tecum and demanded that Royal produce documents relating to its investigation and settlement of Childers' claim. Royal then sought a protective order, contending that the requested documents fell within the party communications discovery exemption. Tex.R.Civ.P. 166b(3)(d). After inspecting the documents, the trial judge ruled that the documents were not discoverable and entered a protective order denying relator's request for production.

The issue before this Court is whether the trial court's order denying relator's request for production constitutes an abuse of discretion, i.e., whether the court's ruling is contrary to the one compelled by the law and the facts. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex.1984).

■ The party communications exemption is one of four "investigative privileges" recognized by Texas law. *See Boring & Tunneling Co. v. Salazar*, 782 S.W.2d 284, 286 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).[1] The party communications rule exempts from discovery (1) communications made between a party and its representatives, (2) after the occurrence upon which a suit is based, and (3) in anticipation of the prosecution or defense of the claims made a part of the pending litigation. *Id.* This last element, in anticipation of pending litigation, is a component of all four investigative privileges. *Boring & Tunneling Co.*, 782 S.W.2d at 286.

■ None of the investigative privileges protect documents from discovery in

---

1. The other three privileges are: (1) the attorney work product rule; (2) the consulting experts exemption; and (3) the witness statement exemption. Tex.R.Civ.P. 166b(3).

litigation separate from the "pending litigation." *See, e.g., Turbodyne Corp. v. Heard,* 720 S.W.2d 802, 804 (Tex.1987) (documents prepared by insurer to defend insured's claim were discoverable in later subrogation action); *Allen v. Humphreys,* 559 S.W.2d 798, 803 (Tex.1977) (documents prepared in connection with the other lawsuits held discoverable in workers' compensation action). This Court has held that an insurer's claims file, which was not discoverable in the insured's action for personal injuries, was not privileged in a later action brought by the insured alleging the insurer's misrepresentations and fraud. *Victoria Lloyds Ins. Co. v. Gayle,* 717 S.W.2d 166, 168 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding); *see also Service Lloyds Ins. Co. v. Clark,* 714 S.W.2d 437, 439 (Tex.App.—Austin 1986, orig. proceeding) (the same rule applied in insured's later suit for bad faith insurance practices).

Royal argues that the trial court's ruling is correct, citing *Maryland Am. Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 458 (Tex. 1982). In that case, however, the suit filed by the insured alleged both a contractual action on the insurance policy and an action based on bad faith dealing. The Texas Supreme Court held that the insurer was entitled to assert the investigative privilege on both causes of action, so long as its liability on the contract was undetermined. *Blackmon,* 639 S.W.2d at 458.

We find the *Blackmon* case is distinguishable from the facts in this case. There, the underlying claim for damages had not yet been resolved by settlement or judgment. The Texas Supreme Court simply held that the insurer's investigative files could not be opened up by bad faith allegations filed simultaneously with an action on the insurance contract. Otherwise, said the court, "all insurance claims would contain such allegations" of bad faith. 639 S.W.2d at 458.

Royal attempts to distinguish this case from the bad faith insurance cases in which the underlying personal injury claims file was ruled discoverable. We find the attempt unpersuasive. The Austin Court of Appeals rejected a similar argument, stating that the investigation files generated by the underlying claim "were not in any sense" prepared in connection with the prosecution, investigation, or defense of the claim for bad faith insurance practices. *Clark,* 714 S.W.2d at 439. Here, as in *Clark,* the insurer's liability on the underlying claim is a relevant issue in relator's suit, but relator asserts his own, separate, cause of action for tortious interference.

The Texas Supreme Court has unconditionally stated that "only documents prepared in connection with the prosecution or defense of the lawsuit in which discovery is sought will be protected." *Turbodyne Corp.,* 720 S.W.2d at 804. Royal has not shown that the documents sought were prepared in anticipation of relator's lawsuit for tortious interference. Thus, we hold that Royal's investigative file for the Childers' claim is not privileged in relator's lawsuit, and that the trial judge abused its discretion in granting Royal's motion for protection.

Accordingly, we conditionally grant the writ of mandamus, which will issue only if the trial judge does not vacate his order dated November 15, 1989.