STATE of Texas, et al., Relators,

v.

**Honorable Harley CLARK, Respondent.**

No. 14411.

Court of Appeals of Texas,
Austin.

June 26, 1985.

Jim Mattox, Atty. Gen., William Luther Martin, Jr., Asst. Atty. Gen., Dallas, for relators.

Phillip T. Bruns, Debora D. Ratliff, Gibbs & Ratliff, Houston, for respondent.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

GAMMAGE, Justice.

The State of Texas and the State Department of Highways and Public Transportation [State] seek a writ of mandamus to compel the vacation of an order entered by the trial court. We will deny the requested relief.

This dispute arises out of a road construction contract between CFW Construction Company [CFW] and the State, under which CFW was to construct certain highway improvements for the State. The parties executed a standard form road construction contract, which provided a mandatory arbitration process for the resolution of all disputes arising under the contract. The State Highway Engineer [Engineer] or his authorized representatives were designated as the arbiter in the contract. CFW presented certain claims to the Engineer, pursuant to the contract, and these claims were finally denied by the Engineer on September 22, 1982. After receiving the required legislative consent to sue the State, CFW filed the suit against the State out of which this original proceeding arises.

After institution of suit, CFW sought production from the State of all files and documents relating to CFW's claims, including all relevant files of the State's engineers who reviewed and rejected CFW's asserted claims. Following the State's refusal to produce this information, the trial court signed an order compelling the pro-

duction of all documents generated on or before September 22, 1982, the date of the Engineer/arbiter's denial of CFW's claims. The State now attacks this order.

The State contends that all of these documents are privileged and not subject to discovery. It predicates this contention on the language of Tex.R.Civ.P.Ann. 166b(3)(d) (Supp.1985), which provides:

3. **Exemptions.** The following matters are not discoverable ...

d. with the exception of discoverable communications prepared by or for experts, any communication passing between agents or representatives of the employees of any party to the action or communications between any party and his agents, representatives or their employees, where *made subsequent to the occurrence or transaction upon which the suit is based,* and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen; [emphasis added.]

The trial court determined that the suit arose from the September 22, 1982 denial of CFW's claims, and transactions and communications between various Department officers occurring prior to that date were, therefore, not privileged from disclosure under subsection d. The State contends that the "occurrence upon which the suit is based" was a dispute which arose on November 12, 1979 concerning CFW's alleged failure to satisfy certain minimum quality standards. The State argues that all communications occurring after that date are privileged and exempt from discovery.

■ At the outset, we must note that CFW may not judicially enforce the contract according to its terms and CFW's performance. CFW can only seek judicial review of the decision of the Engineer made pursuant to the mandatory arbitration clause in the contract. The Engineer's decision will be set aside only if CFW can establish that such decision was based on partiality, fraud, misconduct or gross error. *State v. Martin Bros.,* 138 Tex. 505, 160 S.W.2d 58, 61 (1942); *Austin Bridge Co. v. State,* 427 S.W.2d 925 (Tex.Civ.App.1968, writ ref'd n.r.e.). Review of this decision, implicitly, must be based upon the informal record that the Engineer/arbiter had before him at the time he made the decision. *Id.* It is this informal record which CFW seeks to discover.

■ The issue here presented for review is whether the trial court clearly abused its discretion in ordering this discovery. *General Motors Corp. v. Lawrence,* 651 S.W.2d 732 (Tex.1983). Furthermore, discovery is favored, and the rules pertaining to discovery must be liberally construed. *See Martinez v. Rutledge,* 592 S.W.2d 398 (Tex.Civ.App.1979, writ ref'd n.r.e.).

■ One asserting the investigative exemption prescribed in Rule 166b(3)(d) must establish three necessary elements: (1) the documents upon which the privilege is claimed consist of communications between or among a party or its agents, representatives or employees; (2) the communications must have been made subsequent to the event upon which suit is predicated; and (3) the communications must have been made in connection with the prosecution, investigation, or defense of the particular suit or in connection with the investigation of the particular circumstances out of which it arises. *Allen v. Humphreys,* 559 S.W.2d 798, 802 (Tex.1977). CFW here concedes that the third element has been established, but challenges the State's satisfaction of the first two.

CFW correctly argues that because it cannot seek judicial enforcement of the contract, but only judicial review of the decision of the Engineer, the occurrence upon which suit is based for the purpose of Rule 166b(3)(d) is the decision denying the claim. Since CFW could take no action on the earlier disputes between the parties, other than securing a decision from the Engineer, those earlier disputes cannot form the basis of the suit.

■ The "occurrence" upon which this suit is based, for the purpose of establishing the investigative privilege is the Sep-

tember 22, 1982 denial of CFW's claim. Therefore, all documents and communications generated prior to that time are not privileged from discovery under Rule 166b(3)(d).

Accordingly, the petition for writ of mandamus is denied.