**ESTATE OF Jo Anne GILBERT, et al., Relators,**

v.

**Honorable William C. BLACK, Judge, Respondent.**

No. 3–86–058–CV.

Court of Appeals of Texas, Austin.

Jan. 7, 1987.

R.D. Pattillo, III, Williams, Pattillo & Squires, Waco, for relators.

Byron L. Falk, Vial, Hamilton, Koch & Knox, Dallas, for State Farm Mut. Auto. Ins. Co. and Larry Baird, real parties in interest.

Before SMITH,[1] GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Relators seek a writ of mandamus directing Judge William C. Black of the 146th District Court of Bell County to rescind his order denying discovery of certain documents from State Farm Mutual Automobile Insurance Company and Larry Baird (hereinafter referred to collectively as "State Farm"), defendants in the action below. State Farm contends the documents are privileged under Tex.R.Civ.P. Ann. 166b(3)(d) (Supp.1986). We find that the documents are not privileged, hold that the trial court abused its discretion in denying discovery, and will conditionally grant the writ.

In the underlying action, relators sued State Farm alleging it had wrongfully refused to afford coverage and/or defense to Dyanna Lynn Passarelli in two earlier lawsuits. Relators alleged causes of action in negligence, gross negligence, and violations of Tex. Ins. Code Ann. art. 21.21 (1981), the administrative regulations promulgated thereunder, and Tex.Bus. & Com. Code Ann. § 17.46 (Supp.1986).

---

1. Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex. Gov't Code § 73.012 (Supp.1986).

The two earlier lawsuits against Dyanna Lynn Passarelli arose out of a one-car rollover accident which occurred on the evening of June 27, 1984, near Salado, Texas. Passarelli, a minor unlicensed driver, was driving a car owned by Ronnie Dale Brown, with Mr. Brown's permission, when she lost control of the car. Two passengers, Jo Anne Gilbert and Kimberly Ruth Maddux, were thrown from the vehicle and killed. Survivors of the two deceased girls filed suit for damages in December of 1984 against Passarelli and Brown. Claims notices were delivered to State Farm, the insurance carrier for Dyanna Lynn Passarelli's mother, and to American General Insurance Company, Brown's insurance carrier. State Farm denied coverage and defense in connection with the lawsuits. American General agreed to tender its policy limits.

State Farm claimed there was no policy in effect on June 27th which would render it liable to the Passarellis. Had there been a policy in effect, it is agreed that Dyanna Lynn Passarelli would have been covered. It is undisputed that State Farm notified Mrs. Passarelli in early June that her policy would terminate on June 18th if payment was not received, and that Mrs. Passarelli failed to send payment by that date. Relators, however, claim that State Farm is estopped from asserting, or has waived its claim, that the policy was no longer in force. The waiver/estoppel argument stems basically from Mrs. Passarelli's allegation that a representative of State Farm contacted her on June 27th, the day of the accident, and told her that if she would bring her check in the next day her insurance coverage would not lapse.

The two suits against Dyanna Lynn Passarelli were settled on March 11, 1985. As part of those settlements, Dyanna Lynn Passarelli assigned any causes of action she might have against State Farm to the plaintiffs in the earlier suits in exchange for plaintiffs' covenants not to execute against her. Plaintiffs (relators before this Court) thereafter filed the suit underlying this mandamus action.

In June of 1986, relators gave notice of intent to depose C.B. Doyle, II and Larry Baird, agents of State Farm. The notices further provided that the deponents were to produce:

1.  A true and correct copy of all memorandums, letters, notes, correspondence or other written instruments which were considered or reviewed by the claims committee of State Farm Mutual Automobile Insurance Company on the question of whether there was any coverage under any policy of insurance afforded to the Passarelli's for the automobile accident which occurred on or about June 27, 1984.

2.  A true and correct copy of all memorandums, letters, notes, correspondence or other written instruments in your file which relates or pertains to the question of whether coverage existed for the Passarelli's under any policy of insurance for the automobile accident which occurred on or about June 27, 1984, including but not limited to any memorandums, letters, notes, correspondence or other written instruments prepared by Larry Baird that would evidence any phone conferences, or written contacts he would have had with Betty Passarelli concerning any policy of insurance issued by State Farm to Betty Passarelli that may have been in force on June 27, 1984.

State Farm moved for a protective order and to quash the deposition notices. After a hearing, the court ruled that all documents created by State Farm or its agents on or after July 3, 1984, were privileged under Rule 166b(3)(d), and consequently not discoverable. We may not disturb this ruling unless we find the trial court clearly abused its discretion. *General Motors Corp. v. Lawrence*, 651 S.W.2d 732, 733 (Tex.1983).

Relators argue that the documents sought contain admissions against interest and/or prior inconsistent statements on the part of State Farm which are relevant and

material to issues of estoppel and waiver. Specifically, relators believe there is a memorandum in State Farm's files dated July 3, 1984, which confirms the details of the June 27th conversation between State Farm and Mrs. Passarelli and verifies that State Farm made certain representations to her contrary to its position that Passarelli's policy terminated on June 18th. Relators argue further that the court's order denying discovery effectively precludes relators from being able to prove their bad faith cause of action against State Farm.

In *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977), the Supreme Court set out three factors which must coexist before the documents sought to be discovered by relators will be privileged. These three factors were later incorporated into Rule 166b(3)(d). Under this rule, the material sought to be discovered must be: (1) a communication passing between agents or representatives or the employees of any party to the action or communication between any party and his agents, representatives or their employees; (2) made subsequent to the occurrence or transaction upon which the suit is based; and (3) made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen. If any one of these three conditions is not satisfied, the document is not privileged and is discoverable.

It is conceded by the parties that the first prong of the *Humphreys* test has been met. Relators claim that the requested documents are discoverable, however, because they do not satisfy the second or third prongs.

In considering the second prong, it is necessary to determine upon which occurrence or transaction the suit is based. Respondent argues first that the event giving rise to this suit was the automobile accident on June 27, 1984 because "but for" that accident, this suit would not have arisen. We disagree. The automobile accident gave rise to the first two suits against Passarelli, but Passarelli (and relators, by assignment) had no cause of action against State Farm until State Farm refused to honor the policy in question. State Farm's refusal of coverage is clearly the occurrence or transaction upon which this suit is based. *National Surety Corp. v. Dominguez*, 715 S.W.2d 67 (Tex.App.1986, orig. mand. proceeding); *State v. Clark*, 695 S.W.2d 673 (Tex.App.1985, orig. mand. proceeding).

Respondent argues in the alternative that on or about July 2, 1984, Larry Baird, co-defendant and agent of State Farm, spoke with Mrs. Passarelli on the telephone and told her that State Farm would not honor her policy. Respondent argues that Passarelli's cause of action, therefore, arose on that date, cloaking documents generated after that date with the privilege. Again, we disagree.

There is evidence that after July 2, 1984, relators repeatedly requested a position statement from State Farm regarding defense of the pending suits, but received no response. Then, on approximately November 2, 1984, State Farm sent a letter to relators' attorney stating that Passarelli's claim was under review pending State Farm's final decision. Counsel for respondent conceded in oral argument before this Court that the State Farm home office was still considering whether to deny coverage in November of 1984. It was not until on or about February 19, 1985, that the Passarellis received final notification that State Farm was denying coverage and that State Farm intended to file a declaratory judgment action to judicially determine its nonliability. Relators had no cause of action against State Farm until State Farm notified them of its final decision to deny coverage, and that decision apparently was not conveyed to them until February 19, 1985.

■ We find that State Farm's final decision to deny coverage, conveyed to relators on February 19, 1985, was the event upon which the underlying suit was predicated for the purposes of the second prong of the *Humphreys* test. None of the requested documents generated by State Farm or its agents prior to that date are

privileged under Rule 166b(3)(d). *State v. Clark, supra. See also, Robinson v. Harkins,* 711 S.W.2d 619 (Tex.1986); *Turbodyne Corporation v. Heard,* 720 S.W.2d 802 (Tex.1986); *Stringer v. The Eleventh Court of Appeals,* 720 S.W.2d 801 (Tex. 1986); *Service Lloyds Insurance Company v. Clark,* 714 S.W.2d 437 (Tex.App.1986, orig. mand. proceeding). Because respondents failed to satisfy the second prong of *Humphreys,* the privilege fails and we need not address the third prong.

State Farm further argues that mandamus is not a proper remedy in this cause because relators have an adequate remedy at law. They argue that mandamus is proper only when the trial court has improperly ordered discovery of privileged material, not when the trial court has denied discovery. The Supreme Court, however, has held that mandamus is proper in both instances. *Allen v. Humphreys, supra,* at 801; *Barker v. Dunham,* 551 S.W.2d 41 (Tex.1977); *See, Sutherland v. Moore,* 716 S.W.2d 119, 120 (Tex.App.1986, orig. mand. proceeding).

Four documents requested by relators were tendered to this Court by State Farm for our inspection: a letter dated July 3, 1984 from Larry Baird to Dick Peyton; a memorandum dated July 6, 1984 from Jack Pryor to Larry Baird; a memorandum dated July 10, 1984 from Larry Baird to C.B. Doyle; and a memorandum dated July 12, 1984 from C.B. Doyle to Larry Baird. These documents were made prior to the occurrence or transaction of February 19, 1985, upon which the suit is based, and are consequently not privileged under Rule 166b(3)(d).

Because we hold that the trial court abused its discretion in denying relators' requested discovery of documents generated by State Farm prior to February 19, 1985, we conditionally grant the writ. The trial court shall examine all other documents requested by relators, and prepared prior to February 19, 1985, to determine whether any additional documents are discoverable. If the trial court fails to

vacate its order of July 16, 1986, a writ of mandamus will issue.