Lee F. **ECKERMANN**, Relator,

v.

Honorable Mary Pearl **WILLIAMS**, Judge, Respondent.

No. 3–86–140–CV.

Court of Appeals of Texas, Austin.

Oct. 7, 1987.

Richard Morrison, Krist, Gunn, Weller, Neumann & Morrison, Houston, for relator.

Gary E. Zausmer & David P. Boyce— Bankston, Wright & Greenhill, Austin, for respondent and real property in interest— Colonial Penn.

Before POWERS, GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Lee F. Eckermann seeks a writ of mandamus directing Judge Mary Pearl Williams of the 147th District Court of Travis County to set aside her order denying discovery of certain documents of the Colonial Penn Insurance Company. Colonial Penn contends the documents are privileged under the party-communications and attorney-client privileges, Tex.R.Civ.P.Ann. 166b(3)(d) (Supp.1987) and Tex.R.Evid.Ann. 503 (Supp.1987) respectively. We conclude that the documents are not privileged as party-communications and that Colonial Penn has failed to meet its burden of establishing the attorney-client privilege. We therefore hold that the trial court abused its discretion in denying discovery, and we will conditionally grant the writ.

On March 7, 1979, Lee F. Eckermann was injured in an accident involving a car insured by the Colonial Penn Insurance Company. On April 23, 1979, Eckermann sued the driver of the car, Eugene B. Myers, Jr., and Neil Ryan, the son of the policy holder. Colonial Penn defended Ryan under the policy issued to his father, but declined to defend Myers because of a coverage dispute.

Myers died in 1980 and was replaced as defendant by his surviving daughter and heir, Elizabeth Boswell. A default judgment for Eckermann was ultimately rendered against Boswell on July 5, 1981. Boswell subsequently sued Colonial Penn, alleging the insurer's negligent and wrongful refusal to defend her in the original suit had resulted in the default judgment against her. Eckermann intervened in Boswell's suit against Colonial Penn and seeks this writ of mandamus as a result of the trial court's denial of his request for discovery in that underlying action.

On June 30, 1986, Eckermann requested that Colonial Penn produce the complete claim file it had developed in defending the original Eckermann suit against Ryan and Myers. In particular, Eckermann was interested in any information that pertained to Colonial Penn's decision not to defend Myers. Colonial Penn resisted discovery and after a hearing on September 4, 1986, Judge Williams on October 29, 1986, denied discovery based on the previously cited privileges asserted by Colonial Penn. We may not disturb this order unless we find the trial court clearly abused its discretion. *General Motors Corp. v. Lawrence*, 651 S.W.2d 732, 733 (Tex.1983).

■ Colonial Penn contends the documents requested are protected from discovery under the party-communications privilege. The Texas Supreme Court has held that the party who seeks to limit discovery by asserting a privilege has the burden of proving the applicability of the particular privilege. *Peeples v. Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex.1985). Because the record discloses that Colonial Penn met the procedural requirements of specifically pleading the privilege and requesting a hearing, we need only determine whether Colonial Penn is entitled to the privilege. *Id.*

The party-communications privilege essentially provides that communications made between parties and their agents in connection with the investigation of an earlier occurrence or transaction out of which the asserted claim has arisen are not discoverable. The dispute here turns upon what occurrence or transaction Myers' (Boswell's) claim against Colonial Penn is based.

Colonial Penn contends that from the time it was informed of the accident it

questioned whether Myers was covered by its policy, that its investigation centered on the coverage issue, and the event upon which the underlying suit is based was therefore the automobile accident occurring on March 7, 1979. We disagree. The automobile accident gave rise to the first suit against Ryan and Myers by Eckermann, but Myers (Boswell) had no basis for a claim and made none against Colonial Penn until it refused to defend him (her). Colonial Penn's refusal to defend is clearly the occurrence or transaction upon which this suit is based. *Estate of Jo Anne Gilbert v. Black*, 722 S.W.2d 548, 550 (Tex. App.1987, orig. mand. proceeding).

In *Gilbert*, the insurance company gave the claimant formal notice that coverage and defense would be denied. We held that any party communications made prior to the date of formal notice of denial were not privileged under Rule 166b(3)(d) because the communications were not made subsequent to the occurrence upon which the claim in that case was based. *Gilbert*, 722 S.W.2d at 550–51.

In this proceeding, the insurance company did not formally deny coverage or defense, but chose instead to do nothing. We conclude that Colonial Penn effectively denied coverage on July 5, 1981, the day default judgment was rendered against Myers. It was upon this occurrence that Myers' (Boswell's) cause of action against Colonial Penn first arose. We therefore hold that none of the documents generated by Colonial Penn or its agents prior to July 5, 1981, are privileged under Rule 166b(3)(d).

■ Colonial Penn next contends that the documents requested by relator are protected by the attorney-client privilege. The record discloses, however, that Colonial Penn failed to produce any evidence supporting the existence of the privilege. Because there is no statement of facts, the only proof in the record supporting Colonial Penn's asserted privilege is an affidavit by one of its casualty claims examiners. The affidavit essentially states that the examiner was concerned about the coverage issue from the beginning and that he hired a lawyer to research the issue. There is *nothing* in the record to support Colonial Penn's contention that the documents requested by relator are protected by the attorney-client privilege.

When relevancy or harrassment are the basis for protection from disclosure, affidavits or live testimony may be sufficient proof, but when a specific privilege such as the attorney-client privilege is alleged, the documents in question may be the only adequate evidence for substantiating the claim. *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986). By failing to tender the requested documents into court for *in camera* inspection, Colonial Penn failed to produce any evidence on which the trial court could base its decision to deny discovery. We hold the trial court's ruling was unsupported by evidence and was an abuse of discretion.

Because we hold the trial court abused its discretion in denying discovery of documents generated by Colonial Penn before July 5, 1981, we conditionally grant the writ. If the trial court fails to vacate its order of October 29, 1986, a writ of mandamus will issue.