**Mattie Bradford JACKSON, as Guardian of Charles Daniel Miller, Relator,**

**v.**

**The Honorable Dan DOWNEY, Judge of the 295th District Court of Harris County, Texas, Respondent.**

No. 01–91–00843–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 29, 1991.

Edward F. Blizzard, Houston, for relator.

James J. McConn, Houston, for respondent.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

Relator, Mattie Bradford Jackson, seeks mandamus compelling the trial court to withdraw its order denying her motion to compel production of documents that, according to Jackson, are not protected by the party communication privilege.

The underlying suit is one against an insurance carrier for breach of the duty of good faith and fair dealing in its denial of coverage for Charles Miller. Miller suffered severe and irreparable brain damage

after undergoing "routine" day surgery. Prucare, Miller's health insurance company and the real party in interest in this mandamus proceeding, stopped paying benefits to Miller eight months after his injury. Miller sued through his guardian, Jackson.

Jackson sought production of documents. In response to a request for "All documents *reflecting or relating to* any claim or health care benefits made by Charles Daniel Miller or any one of (sic) his behalf under the City of Houston health care plan," Prucare asserted the following claim of privilege:

> Defendant objects pursuant to Rule 166b(3)(d) of the Texas Rules of Civil Procedure to producing file notes dated November 16, 1990, November 26, 1990, November 28, 1990, January 23, 1991, January 30, 1991, February 1, 1991, and February 11, 1991.

Rule 166b(3)(d) sets forth the party communication privilege.

Jackson moved to compel production. The order entered by the trial judge indicates that he considered the motion and the defendant's response, and, as to the file notes referenced in the objection, denied production. Although it is not recited in the order, relator states that the judge also examined the documents in camera.

The party communication privilege is defined in TEX.R.CIV.P. 166b(3)(d). Relator points out that three prongs must be satisfied to claim the privilege. The prongs are indicated as follows:

> d. *Party Communications.* (1) *Communications between agents or representatives or the employees of a party* to the action *or* communications *between a party and that party's agents, representatives or employees,* (2) when *made subsequent to the occurrence* or transaction *upon which the suit is based* and (3) *in connection with the prosecution, investigation, or defense of the particular suit, or in anticipation of the prosecution or defense* of the claims made a part *of the pending litigation.* This exemption does not include communications prepared by or for experts that are oth-

erwise discoverable. TEX.R.CIV.P. 166b(3)(d). (Emphasis added.)

■ If any one of the prongs is not satisfied, the document is not privileged. *Allen v. Humphreys,* 559 S.W.2d 798, 802 (Tex.1977).

Prucare informed the plaintiff of its decision to terminate his benefits by a letter dated February 12, 1991. In deposition, Prucare's representative stated that the decision to terminate benefits was made by Prucare "sometime late January or the first week of February." Relator concludes that the communications which the trial court exempted from discovery *predate* the occurrence on which the suit was based rather than being made *subsequent to* it. Thus Prucare has failed to satisfy the second prong of the test and, under *Allen v. Humphreys,* has failed to establish that the party communications privilege applies to the documents. It remains for us to decide, however, whether the date of the "occurrence or transaction upon which the suit is based" is the date of the letter denying coverage or "sometime late January or the first week in February," the amorphous time period stated by the representative.

The Austin court of appeals, in *Gilbert v. Black,* 722 S.W.2d 548, 550 (Tex.App.—Austin 1987, orig. proceeding) decided, in precisely the same situation, that the insurance company's *"refusal of coverage* is clearly the occurrence or transaction upon which the suit is based." 722 S.W.2d at 550. Specifically, the court held that the insurance company's final decision to deny coverage, *conveyed to relators on February 19, 1985,* was the event upon which the underlying suit was predicated for the purposes of the second prong of the *Humphries* test. None of the documents generated by the company or its agents prior to that date are privileged under rule 166b(3)(d). *Id.* at 550–51.

*See also National Surety Corp. v. Dominquez,* 715 S.W.2d 67, 69 (Tex.App.—Corpus Christi 1986, orig. proceeding). In that case, the underlying suit involved a bank's claim against its banker's blanket bond for satisfaction of a judgment obtained against

the bank by one of its customers. The First National Bank of Mercedes gave notice of the customer's claim against it to National Surety Corp., the surety on the bond, on July 11, 1980. Litigation of the suit by the bank's customer ensued and, in May 1984, the bank was held liable to the customer. On December 21, 1984, the surety denied the bank's claim against the bond. When the bank sought discovery of certain documents, the surety claimed that all the documents were privileged because they were generated after the date of the bank's notice of a potential claim in July 1980. The trial court found that the documents were discoverable. The appellate court agreed, holding that the date of "the occurrence upon which the suit was based" was September 22, 1984, *the date of the denial of the bank's claim* under its bond. As Chief Justice Nye notes in a concurrence, "Before that event, the surety company and its insured were on the same side of the underlying liability question." 715 S.W.2d at 73.

The court in *State v. Clark,* 695 S.W.2d 673 (Tex.App.—Austin 1985, orig. proceeding) also addressed this issue. This suit arose out of a contract dispute between the State Department of Highways and Public Transportation and a construction company. The contract provided for mandatory arbitration of all contract disputes. The construction company presented certain claims for resolution to the State Highway Engineer, the contractually designated arbiter, and the engineer denied the claims on September 22, 1982. The construction company then sued the State and sought production of all files of the State's engineer who had reviewed and rejected the claims. The State contended that the "occurrence upon which the suit was based" was the underlying dispute which had arisen on November 12, 1979, and had led to the arbitration. The court found, however, that the occurrence for the purpose of establishing the privilege was September 22, 1982, *the date of denial of the claim* by the State

Highway Engineer. Documents predating the date of denial were not protected by the party communication privilege. 695 S.W.2d at 675–76.

Subsequent to these opinions and expressly reaffirming the rule stated in *Allen v. Humphries,* the supreme court provided further clarification of the application of Tex.R.Civ.P. 166b(3)(d). Focusing on the "anticipation of litigation" prong of the party communications privilege, the Court held that the burden is on the party resisting discovery to prove that evidence is acquired or developed in anticipation of litigation.[1] *Turbodyne Corp. v. Heard,* 720 S.W.2d 802, 803 (Tex.1986). No investigative privilege applies unless the investigation is conducted after the lawsuit has been filed or after there is good cause to believe it will be filed. *Stringer v. Eleventh Court of Appeals,* 720 S.W.2d 801 (Tex. 1986).

■ Under this analysis, the date of the occurrence or transaction upon which suit is based could not predate the communication of the denial of coverage to the plaintiff. The decision making process of the insurer in deciding to deny the coverage, which may not be assignable to a date certain, cannot itself be the occurrence since, unless and until the insured is notified of the decision, there could be no possibility of litigation. To hold otherwise would allow a party to choose at will a "decision date" far in advance of its communication of a controversial decision to another party. Thus it would be possible to effectively shield virtually all internal communication from discovery.

Consequently, we hold in this case that the date of the occurrence upon which Jackson's suit is based is February 12, 1991, the date of the letter from Prucare to Jackson denying Miller further coverage. The documents generated prior to that date are not protected by the party communication privilege and the trial court abused its discretion in denying discovery of those

---

1. Because Prucare's response to Jackson's motion to compel is not in the record, we are unable to determine whether Prucare attempted to meet this burden. However, since we believe that no proof could alter or avoid the established date of denial of coverage, we need not address that issue here.

documents. We conditionally grant the writ of mandamus. We trust that the trial court will vacate its order denying discovery and order the documents produced. The writ will not issue unless the trial court fails to do so.