# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00379-CV

---

**Andrew Woodward, Appellant**

**v.**

**Corner West, LLC d/b/a The Dogwood, Appellee**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-002818, THE HONORABLE SHERINE E. THOMAS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Andrew Woodward appeals from the trial court's order granting Corner West, LLC d/b/a The Dogwood's ("Dogwood") combined no-evidence and traditional motion for summary judgment. Because Woodward has not shown reversible error in the nine issues he raises on appeal, we affirm the trial court's judgment.

## BACKGROUND

In the early hours of November 21, 2021, Jesus Laris crashed his car into Woodward's pedicab on the South Congress bridge in downtown Austin. Woodward was seriously injured and hospitalized. The timeline leading up to the accident is essentially undisputed.

On November 20, Laris smoked marijuana after work, then went to a pop-up bar called Miracle on Fifth Street with his friend, Christa Charles. Laris and Charles arrived around

7:30 or 8 p.m., and Laris testified that he had two bottled beers and "a little bit of a mixed drink" that Charles ordered. After that, the pair walked to a bar called Beez Kneez, where Laris had one bottle of beer. From there, the two walked to Little Woodrow's, where Laris had two draft beers and ate two tacos. Next, Laris and Charles walked to Dogwood, and at 9:47 p.m., Laris bought two Austin Eastciders sangria-flavored hard ciders, one for him and one for Charles. Laris later recalled that Charles said, "I'm really messed up," while they were at Dogwood. Though he was "not sure," Laris testified that he recalled taking shots at either Little Woodrow's or Dogwood. Laris and Charles left Dogwood at about 10 p.m.

Laris testified that Dogwood was the "last specific" place he recalled buying drinks that night, though he had "flashes" of being at other bars and recalled his alcohol consumption that night as "abnormally high." Based on texts with Charles and on his bank statements, Laris gathered that after leaving Dogwood, he also visited WYLD Bar and Kung Fu Saloon, and he may have also visited Parlor and Yard or Buford's. His credit card records show that he spent $23.69 at WYLD Bar and $35 and $38 on two tabs at Kung Fu Saloon. Laris left the bars to drive home around 1:30 a.m. and crashed into Woodward's pedicab shortly after. His blood alcohol content, measured from a sample taken at 4:47 a.m., was 0.170. Laris pled guilty to and was convicted of intoxication assault. *See* Tex. Penal Code § 49.07(a)(1).

Woodward sued Dogwood, as well as several other bars and unknown defendants, for violations of the Texas Dram Shop Act, which provides that:

> Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter . . . upon proof that:
>
> (1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic

2

> beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and
>
> (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

Tex. Alco. Bev. Code § 2.02(b). Woodward later nonsuited all defendants in the lawsuit except Dogwood, and Dogwood filed a combined no-evidence and traditional motion for summary judgment, contending that there was no evidence that it was apparent to Dogwood that Laris was obviously intoxicated to the extent that he presented a clear danger to himself and other at the time Dogwood provided Laris alcohol and alternatively that Dogwood conclusively established its Safe Harbor Defense. *See id.* § 106.14(a)(3). Woodward responded, objected to some of Dogwood's evidence, and raised special exceptions. Dogwood filed a reply in support of its motion and objected to some of Woodward's evidence attached to his response. The trial court denied Woodward's special exceptions and evidentiary objections, granted some and denied some of Dogwood's evidentiary objections, and ultimately granted Dogwood's combined no-evidence and traditional motion for summary judgment. Woodward perfected this appeal.

## DISCUSSION

In nine issues, Woodward contends that the trial court erred by granting Dogwood's no-evidence and traditional motion for summary judgment. We consider his special exceptions and evidentiary issues (issues two, three, four, and six) first, then turn to his issues addressing the merits of Dogwood's summary-judgment motion (issues number one, five, seven, eight, and nine).

3

## I. The trial court did not abuse its discretion by denying Woodward's special exceptions and making its challenged evidentiary rulings.

Woodward contests the trial court's order denying his special exceptions to Dogwood's summary-judgment motion and three evidentiary rulings. We review these issues for abuse of discretion. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (special exceptions); *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (evidentiary rulings). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or made without regard for guiding legal principles or supporting evidence, or when the trial court fails to analyze or apply the law correctly. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

### a. Special exceptions (issue two)

First, Woodward contends that the trial court abused its discretion by denying his special exceptions to Dogwood's no-evidence motion for summary judgment. A nonmovant may file special exceptions to a summary judgment to complain that the grounds relied on by the movant were unclear or ambiguous. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993); *see* Tex. R. Civ. P. 91 ("Special Exceptions"), 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."). "The purpose of special exceptions focused upon a summary judgment motion is to ensure the parties and the trial court are focused on the same grounds." *Stephens & Johnson Operating Co. v. Schroeder*, No. 04-14-00167-CV, 2015 WL 4760029, at *4 (Tex. App.—San Antonio Aug. 12, 2015, pet. denied) (mem. op.) (citing *McConnell*, 858 S.W.2d at 342–43); *see, e.g.*, *Vodicka v. Lahr*, No. 03-10-00126-CV, 2012 WL 2075713, at *4–5 (Tex. App.—Austin June 6, 2012, no pet.) (mem. op.) (affirming implicit denial of special exceptions to no-evidence summary-judgment motion and concluding

motion was sufficiently specific to meet no-evidence standards).  Absent a showing of injury from the denial of a special exception, we will not disturb the trial court's ruling.  *Gause v. Gause*, 496 S.W.3d 913, 919 (Tex. App.—Austin 2016, no pet.).

On appeal, Woodward argues that the special exceptions were necessary to clarify "the confusion between the two summary judgment motions when the grounds . . . were unclear." In his special exceptions, Woodward argued that one section of Dogwood's no-evidence motion for summary judgment "is more consistent with a traditional motion for summary judgment" and sought to clarify two sections in the motion:  one that asserted Woodward had no evidence of the elements of the Dram Shop Act and one that was "more limited" to the issue of whether Laris was obviously intoxicated at the time of service.  However, besides pointing to Woodward's confusion between sections of the no-evidence and traditional motions, the special exceptions did not indicate that the combined motion for summary judgment, considered collectively, failed to provide reasonable notice of the bases for requested relief.  *See* Tex. R. Civ. P. 166a(c).  Indeed, Woodward's response addressed all the grounds raised in Dogwood's no-evidence and traditional motion for summary judgment.  *Cf. Martinez v. Wilson Plaza Assocs., L.P.*, No. 13-02-00697-CV, 2004 WL 2471785, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 4, 2004, no pet.) (mem. op.) (concluding trial court abused discretion by implicitly denying special exceptions when, among other things, motion for summary judgment was "ambiguous" and "vague" as to whether it was no evidence or traditional and nonmovant repeatedly requested clarification of burden to respond). And on appeal, Woodward has not attempted to demonstrate injury arising from the denial of his special exceptions.  *See Gause*, 496 S.W.3d 919.  Thus, Woodward has not established that the trial court abused its discretion by denying his special exceptions.

We overrule Woodward's second issue.

### b. Evidentiary rulings (issues three, four, and six)

Next, Woodward argues that the trial court abused its discretion by sustaining Dogwood's objections to exhibits to his summary-judgment response—Laris's discovery responses from another lawsuit,[1] as well as Woodward's medical bills—and overruling his objections to part of Dogwood's affidavit submitted in support of its traditional summary-judgment motion. A trial court's error in admitting or excluding evidence is reversible only if it probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000) (describing how courts determine whether excluded evidence probably resulted in rendition of improper judgment).

First, Dogwood objected to Laris's discovery responses to interrogatories in the separate lawsuit as hearsay. *See* Tex. R. Evid. 801(d) (defining hearsay). Woodward argues that Laris's discovery responses are statements against interest and thus an exception to hearsay. *See id.* R. 803(24) (defining statement against interest as exception to rule against hearsay); *Robinson*

---

[1] Dogwood objected to several of Woodward's exhibits attached to his summary-judgment response, including "Exhibit B – Lares' [sic] Discovery Responses from Separate Lawsuit." However, it appears that Dogwood intended to object to Woodward's Exhibit A-7—which comprised Laris's discovery responses from another lawsuit—not Woodward's Exhibit B, which was various other documents from Laris's criminal case, including the probable cause affidavit and Laris's plea and conviction, to which Dogwood did not raise specific objections. Despite this misnomer, both Woodward's response to and the trial court's order on Dogwood's objections to Woodward's summary-judgment exhibits referred to Laris's discovery responses as "Exhibit B." Thus, there is no indication that the trial court excluded the various other documents from Laris's criminal case from its consideration on summary judgment. But to the extent that it did and that Woodward contests that ruling on appeal, Woodward has failed to show that the exclusion of this evidence probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a) (providing that no judgment may be reversed on appeal on ground that trial court made error of law unless court of appeals concludes that complained-of error "probably caused the rendition of an improper judgment"); *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000) (describing how courts determine whether excluded evidence probably resulted in rendition of improper judgment).

*v. Harkins & Co.*, 711 S.W.2d 619, 621 (Tex. 1986) (noting that statement-against-interest exception "is founded on the principle that the ramifications of making a statement is so contrary to the declarant's interest that he would not make the statement unless it was true"). Laris's responses to the interrogatories contained information that is already part of the record in this case, including basic information about himself, the accident, and the list of bars he attended that night. However, Woodward has not attempted to explain how the exclusion of this evidence probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). Thus, even assuming that the trial court erred by excluding this evidence from the record on this basis, we cannot sustain Woodward's issue on appeal. *See id.*

Second, Dogwood objected to Woodward's medical records on relevance grounds. *See* Tex. R. Evid. 401 ("Test for Relevant Evidence"). Woodward argues that his medical records, which reflect his injuries from the collision, are relevant to whether Laris posed a danger to himself and others, as well as to the damages that he has suffered. However, in a Dram Shop Act claim, the relevant inquiry is whether "at the time the provision [of an alcoholic beverage] occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others." Tex. Alco. Bev. Code § 2.02(b)(1). Woodward's argument in favor of admitting his medical records focuses on whether Laris posed a danger to himself and others at the time of the accident, which was hours after Dogwood provided him with alcohol. Dogwood did not challenge that Woodward sustained damages. Because Woodward's medical bills do not contain facts "of consequence in determining the action," the trial court did not abuse its discretion by granting Dogwood's relevance objections and excluding Woodward's medical records from summary-judgment evidence. *See* Tex. R. Evid. 401(b). And again, Woodward has not attempted

7

to explain how the exclusion of this evidence probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). Thus, even assuming that the trial court erred by excluding this evidence from the record, we cannot sustain Woodward's issue on appeal. *See id.*

Finally, Woodward objected to two provisions in Dogwood's part-owner Ginger Harrelson's affidavit that Dogwood attached in support of its traditional motion for summary judgment. Because we resolve Woodward's appeal by affirming the trial court's judgment on Dogwood's no-evidence summary-judgment motion for the reasons discussed below, we do not reach this issue. *See id.* R. 47.1.

We overrule Woodward's third and fourth issues and do not reach his sixth issue.

## II. The trial court properly granted Dogwood's no-evidence summary-judgment motion.

Woodward also challenges the trial court's order granting no-evidence and traditional summary judgment for Dogwood. We review a trial court's grant of summary judgment de novo. When a court grants both traditional and no-evidence summary-judgment motions, the appellate court should first consider the no-evidence motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). While in a traditional motion, the movant must prove that there is no genuine issue of material fact and he is entitled to judgment as a matter of law, a no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). If the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper. *Id.* In determining whether a fact issue precludes summary judgment, we indulge every reasonable inference and resolve doubts in the nonmovant's favor. *Id.*

8

First, Woodward challenges the legal sufficiency of Dogwood's no-evidence motion, contending that it failed "to break down the specific elements" of the claim for which it alleged he had no evidence. *See* Tex. R. Civ. P. 166a(i) ("The motion must state the elements as to which there is no evidence."). And Woodward again raises his "confusion" between sections of the motion noted in his special exceptions in support of his argument that Dogwood's no-evidence motion was legally insufficient.

However, the record establishes that Dogwood's no-evidence motion satisfied the requirements of Rule 166a(i). Specifically, Dogwood's no-evidence motion stated that Woodward had "no evidence that at the time alcohol was served to Laris, it was apparent to The Dogwood that Laris was obviously intoxicated to the extent that he presented a clear danger to himself and others and that said obvious intoxication was a proximate cause of the damages suffered." *See* Tex. Alco. Bev. Code § 2.02(b) (listing elements of Dram Shop Act claim). Dogwood also alternatively moved for no-evidence summary judgment "on element 3 of the Safe Harbor Defense—that it otherwise encouraged its server to violate the law." *See id.* § 106.14(a)(3). Because Dogwood's no-evidence motion clearly identified the challenged elements, it is sufficiently specific to satisfy the requirements of a no-evidence motion. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (analogizing Rule 166a(i) requirements "to that of the 'fair notice' pleading requirements").

We overrule Woodward's first issue.

As to the merits of no-evidence motion, Woodward contends that his response contained more than a scintilla of evidence to establish that Laris was "obviously intoxicated" at the time Dogwood served him alcohol to raise a fact issue on his Dram Shop Act claim. Woodward contends that the following evidence was sufficient to raise a fact issue as to Laris's obvious

9

intoxication: the Dogwood receipt in Laris's name for two hard ciders; Laris's testimony that he "recalled taking shots" at "either Little Woodrow's or Dogwood"; Laris's admissions that he consumed alcohol before arriving at Dogwood, that he remembered drinking an "abnormally high" amount of alcohol that night, and that he had smoked marijuana earlier that evening; and Laris's recollections that Charles said that she was "really messed up" at Dogwood and that Dogwood was the "last specific" place he remembered purchasing alcohol that night.

However, the Dram Shop Act "does not just require that the provider served a customer when it knew or should have known that the customer was intoxicated; instead, it requires proof that the provider served the customer when it was *apparent* to the provider that the customer was *obviously* intoxicated to the extent that he *presented a clear danger* to himself and others." *Raoger Corp. v. Myers*, 711 S.W.3d 206, 210 (Tex. 2025); *see Watson v. Shooters Billiards & Sports Bar, LLC*, No. 03-23-00517-CV, 2025 WL 2844491, at *4 (Tex. App.—Austin Oct. 8, 2025, no pet.) (mem. op.) ("[T]he Texas Supreme Court refers to 'over-service' as 'the provision of alcohol to obviously drunk persons.'" (quoting *20801, Inc. v. Parker*, 249 S.W.3d 392, 394 (Tex. 2008))). The Dram Shop Act does not define the terms "apparent" or "obvious," so we give the terms their ordinary meaning: "apparent" means "visible; manifest; obvious," and "obvious" means "easily discovered, seen, or understood; readily perceived by a person's senses or intellect." *See Raoger Corp.*, 711 S.W.3d at 211.

Here, there is no competent summary-judgment evidence that Dogwood provided Laris alcohol when it was apparent to Dogwood that Laris was obviously intoxicated to the extent that he presented a clear danger to himself and others. *See id.* at 210; Tex. Alco. Bev. Code § 2.02(b)(1). Woodward relies on circumstantial evidence of Laris's intoxication, which is permissible in Dram Shop Act claims. *See Raoger Corp.*, 711 S.W.3d at 213. "But for such

10

circumstantial evidence to be competent, it must be sufficient 'to constitute the basis of a legal inference' and not merely permit 'speculative conclusions.'" *Id.* "The relevant inquiry is the customer's appearance to the dram shop when he was served—not whether the customer drank an amount of alcohol at the dram shop that *may* or *should* make *some* people very intoxicated." *Id.* at 214. Viewing the evidence in the light most favorable to Woodward, some evidence supports a finding that Laris consumed a large amount of alcohol at some point, including some at Dogwood. But the evidence does not support a finding that it was apparent to Dogwood that Laris was intoxicated at the time of his service, let alone that he was so obviously intoxicated as to present a clear danger to himself and others. *See id.* at 212. Because there is no evidence, even circumstantial evidence, that relates to Laris's appearance to Dogwood when he was served, Woodward failed to meet his burden in responding to Dogwood's no-evidence summary judgment. *See id.* at 213–15 (concluding no competent summary-judgment evidence raised fact issue regarding whether it was apparent to dram shop that patron was obviously intoxicated at time of service when evidence included patron's blood alcohol content taken hours after service and server's and police officer's testimony that person who had consumed this much alcohol "would have shown signs of intoxication").

Because Woodward failed to produce more than a scintilla of probative evidence to raise a genuine issue of material fact as to whether Laris was obviously intoxicated to the extent that he presented a clear danger to himself and others when Dogwood served him alcohol, the trial court properly granted no-evidence summary judgment in Dogwood's favor. We overrule Woodward's fifth issue. Having concluded that the trial court properly granted Dogwood's no-evidence motion for summary judgment, we do not reach Woodward's issues on appeal

11

regarding the merits of Dogwood's traditional summary-judgment motion (issues seven, eight, and nine). *See* Tex. R. App. P. 47.1.

**CONCLUSION**

We affirm the trial court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed:   March 26, 2026